## HIGLEY ET AL. *v.* POTTER ET AL.

[No. 22,385. Filed May 14, 1914.]

1. DRAINS.— *Improvement.— Evidence.— Sufficiency.—* The finding of the trial court in a proceeding for the improvement of a drain, that a proposed addition to such drain will be of sufficient capacity to drain the land affected cannot be disturbed on appeal, in view of testimony of the drainage commissioners, who were experienced in engineering and drainage work, that, considering the average rainfall, the character of the land and area to be drained, and other conditions present, the proposed drain would be of sufficient capacity. p. 624.

From Grant Superior Court; *Robert M. Van Atta,* Judge.

Proceedings on petition of Franklin Potter and others for the improvement of an existing drain, and remonstrance by Daniel M. Higley and others. From a judgment for petitioners, the remonstrants appeal. *Affirmed.*

*S. L. Stricler* and *J. F. Charles,* for appellants.
*W. H. Troak* and *G. A. Henry,* for appellees.

MORRIS, C. J.—Appellees petitioned for the improvement of an existing open drain. The drainage commissioners filed

a report favorable to the work, and recommended its accomplishment by commencing at the outlet of certain described tile drains and proceeding thence, down stream, with two rows of 24-inch tile, laid about 18 inches apart, for a distance of 4,400 feet, and continuing thence, with an open drain, to the terminus in Pipe Creek. Appellants remonstrated, on the ground, among others, that the proposed work will not be sufficient to properly drain the land affected. There was a trial on the issues formed, and a judgment establishing the work, and approving the commissioners' assessments.

The only error presented by appellants' brief is grounded on the alleged insufficiency of the evidence to support the court's decision. One of the lines of the proposed

1. 24-inch tile must carry, according to appellants' calculations, the contents of two 18-inch, one 12-inch, one 10-inch, and five 6-inch tile drains, with a total cross-section area of 839 inches, while the other 24-inch line must carry the water from the tile drains, of various diameters, with a total cross-section area of 644 inches. Various witnesses for appellants testified that the proposed rows of 24-inch tile cannot carry the water that will come to them from existing tile drains, and consequently, the proposed work will be ineffective. Certain witnesses called by appellees, testified that the proposed lines of 24-inch tile will accomplish the drainage of the lands assessed. Counsel for appellants say they do not ask this court to weigh the evidence, but merely to reject opinion evidence which is in direct conflict with natural laws; that it is impossible for a 24-inch tile, with a cross-section area of 452.39 inches to carrry the water from the tile above, with a cross-section area of 849 inches. The evidence shows that the existing tile drains have about the same fall as the proposed one, and appellants' witnesses testified that the drainage of the lands affected has required the existing tile ditches to work to their full capacity. Fremont Wilson, one of the commissioners, testified for appellees. He is a civil engineer, of twenty-five

years' experience in constructing drains, and gave it as his opinion that the proposed tile drain, considering the average annual rainfall, and the character and lay of the land affected, has a capacity of properly draining 4,000 acres of land. He further testified that the area to be drained, through the proposed tile, is approximately 2,200 acres. The witness also stated that one of the existing 18-inch tile drains was never effective, and that the outlet, for all the existing tile drains, was insufficient; that by constructing the outlet as proposed in the new work, the proposed lines of 24-inch tile will have ample capacity to carry all water coming from the existing tile drains, though the latter have an aggregate capacity in excess of the former. He testified that in making his estimates of the carrying capacity of the 24-inch tile, he used tables, recognized as reliable by the engineering profession, and found trustworthy by him during a long experience in drainage work in Indiana. George Swisher, another drainage commissioner, who has had an experience of more than twenty years in engineering and drainage work, gave practically the same evidence as that of Wilson. There was some evidence to support the court's finding, and we cannot say that the opinion evidence, given by the engineers, is in conflict with natural laws. No other question is presented by appellants' brief, and the judgment is affirmed.

Note.—Reported in 105 N. E. 145. See, also, 14 Cyc. 1054.