## JOLLY ET AL. *v.* TURNER ET AL.

[No. 22,201. Filed May 14, 1914.]

1. APPEAL.—*Assignment of Errors.—Joint Assignment.*—The objection that a joint assignment of errors presents no question on a separate and several motion for a new trial, is not well taken where it is apparent from the record that the motion for new trial was joint. p. 628.

2. DRAINS.—*Remonstrance.—Joint Remonstrance.—Joint Assignment of Error on Appeal.*—A remonstrance to a drainage petition, though designated as the separate and several remonstrance of the parties named in the petition, and others affected by the proposed work, was by its necessary force and effect joint, presenting but one question which was the same as to all remonstrators, so that notwithstanding the exceptions to the ruling against remonstrants were several, the questions arising on such ruling are properly presented on appeal under a joint assignment of error. p. 628.

3. DRAINS.—*Remonstrance.—Assignment of Error on Appeal.— Parties.*—A joint assignment of error on appeal that the lower court erred in its ruling against the remonstrance filed in a drainage proceeding, is not rendered unavailing by the fact that one who is joined in such assignment was not a party to such remonstrance, where the record shows that such person joined in such assignment as the successor in title and privy in estate to one who did sign the remonstrance. p. 628.

4. DRAINS.—*Remonstrance.—Burden of Proof.—Number of Remonstrants.*—Remonstrants under a "two-thirds" remonstrance in a drainage proceeding have the burden to show that at the time the remonstrance was filed they constituted two-thirds in number of the resident landowners affected. p. 629.

5. DRAINS.—*Remonstrance.—Number of Remonstrants.—Evidence.* —Evidence in a drainage proceeding from which it appears that thirty-five resident landowners were affected, and that of the total number of signers to a "two-thirds" remonstrance against the petition only eighteeen were resident owners of land affected when the remonstrance was filed, did not show the remonstrance to have been signed by a sufficient number of qualified remonstrants to defeat the petition. p. 629.

6. APPEAL.—*Review.—Findings.—Evidence.*—A finding supported by some evidence will not be disturbed on appeal on the ground of insufficient evidence. p. 630.

From Grant Superior Court; *Charles E. Sturgis,* Special Judge.

Proceedings on the petition of John G. Turner and others for the tiling of a drain. Washington Jolly and others filed remonstrance, and from a judgment for petitioners, the remonstrants appeal. *Affirmed.*

*G. A. Henry,* for appellants.
*J. F. Charles,* for appellees.

MYERS, J.—This is a proceeding brought by appellees, in the Superior Court of Grant County for the tiling of an open drain. The error assigned is in overruling appellants' motion for a new trial. Appellants were remonstrants to the petition in a claimed "two-thirds" remonstrance, and were also remonstrators against the report of the commissioners. The petition was filed October 9, 1909, and was docketed as a pending action November 4, 1909. A purported remonstrance to the petition purporting to be separate and several as to each party, was filed in the office of the clerk of the court in vacation, November 26, 1909, and an entry of the fact made by the clerk on the order book, and the attention of counsel for the petitioners, at once called to the fact, but the court's attention was not directed to it until April 1, 1910. Upon motion and affidavit of the petitioners on January 19, 1910, a change of judge was had, and on May 30, 1910, without objection of petitioners, the cause was submitted and heard on the alleged remonstrance to the petition, the remonstrance overruled, exceptions reserved, and on July 2, 1910, a bill of exceptions was filed embracing the evidence on the remonstrance, in which the exceptions were reserved severally. Such proceedings were thereafter had, that the report of the commissioners was filed and a joint remonstrance led to the report on the eighth, ninth and tenth statutory grounds. §6143 Burns 1914, Acts 1907 p. 508. A change of judge was had, December 31, 1910, on motion of appellants, the cause was tried April 15, 1911, on that issue, and determined July 1, 1911, against the remonstrators, to which ruling exception was separately re-

served by the remonstrators. A joint motion for a new trial was filed, in which were embraced the causes arising under the remonstrance to the petition, on the grounds, that the finding and decision were not sustained by sufficient evidence, and that the decision was contrary to law. In this motion were also included as causes, that the decision upon the remonstrance to the report of the commissioners is not sustained by sufficient evidence, that it is contrary to law, that the court erred in admitting certain evidence specified, and in rejecting certain offered evidence. The two latter causes are here waived. The motion was overruled and joint exception reserved, and this appeal followed, with a joint assignment of error in overruling the motion for a new trial.

It is first urged by appellees that nothing is presented on this assignment, because a joint assignment of error presents no question on a separate and several motion for a new trial. Appellees' error lies in the fact that so far as the motion for a new trial is concerned, it was joint, and their point is not well taken. It is next urged that there is nothing for consideration respecting the ruling on the remonstrance to the petition, because one Long, who was not a party to such remonstrance, joins in the assignment of error, and that the assignment presents no question, whether the exceptions were joint or several. It is also urged as against any question being presented as to the remonstrance, that it was separate and several. By its terms it is stated to be the separate and several remonstrance of parties named in the petition, and others affected by the proposed work, and the exceptions are several, but such remonstrance is by its necessary force and effect, joint, as presenting but one question, and that, the same as to all the remonstrators. *Whitesell* v. *Strickler* (1907), 167 Ind. 602, 78 N. E. 845, 119 Am. St. 524. It is shown by the record that Honeas owned land affected, and joined in the remonstrance, and that Long succeeded to the title and property, and joins in the assign-

ment of error, as successor in title and privy in estate.  §272 Burns 1914, §271 R. S. 1881.

It will not be necessary to consider a number of questions sought to be raised by the parties on the remonstrance to the petition, for the reason that the evidence utterly

4. fails, under any view of the number of remonstrators required to defeat the proceeding, to show that a sufficient number were owners of lands affected, when

5. the remonstrance was filed.  There is evidence as to five persons out of a total of twenty-seven remonstrators being such owners, when the remonstrance was filed, or as successors in title to such owners.  With the exception of five persons, the evidence simply shows persons who signed the remonstrance, as owning lands in the present tense, at the time of the trial, and not at the time the remonstrance was filed.  It was a question of proof, with the burden on the remonstrators to show that at the time the remonstrance was filed, they constituted two-thirds in number of the resident landowners affected.  *Thorn* v. *Silver* (1910), 174 Ind. 504, 89 N. E. 943, 92 N. E. 161.  Conceding without deciding, that the petition was before the court, and that persons named in the petition, as owners of land to be affected by the proceeding would be presumed to continue such owners until the remonstrance was filed by them, it does not appear by the petition that any of the petitioners, or those alleged to be affected are residents of the county, and there were only sixteen persons named in the petition, who were remonstrators; three of these, and two other persons only, are shown by the evidence to have been landowners resident of Grant County, and affected, when the remonstrance was filed, while under the most favorable claim made by appellants, viz., that husbands and wives as owners by the entireties, should be counted as one, which we are not called on to decide, there were shown to be thirty-five resident landowners affected, three of whom did not petition or remonstrate, six were petitioners, and twenty-six were remon-

strators, shown to be the owners of lands *at the time of trial.*
Presuming that the sixteen persons named in the petition
as affected, and who signed the remonstrance continued
to be the owners, which we do not decide, and adding the
two others who were not named in the petition, but who
did remonstrate, but are shown to be resident owners of
land affected when the remonstrance was filed, we have only
eighteen˙persons of the twenty-six remonstrators, shown to
be resident owners of the lands affected, at the time the
remonstrance was filed, out of a total of thirty-five resident
owners shown to be affected, with a requirement for twenty-
four remonstrators to constitute two-thirds, and it will be
seen that the necessary proof failed.  It is to be observed
also, that it is not shown that the thirty-five residents shown
        to be affected, are all the residents affected.  On the
6.  remonstrance to the report of the commissioners,
        there was conflicting evidence on every point of re-
monstrance, and we cannot disturb a finding which there was
evidence to support, and the judgment must be affirmed,
and it is so ordered.

NOTE.—Reported in 105 N. E. 145.  See, also, under (1) 2 Cyc.
1003; (2) 14 Cyc. 1036; (4) 14 Cyc. 1037; (6) 3 Cyc. 360.