NIX *v.* STATE OF INDIANA.

[No. 29,806. Filed April 19, 1960.]

*Norval K. Harris* and *Bedwell & Bedwell,* all of Sullivan, for appellant.

*Edwin K. Steers*, Attorney General, *Owen S. Boling*, Assistant Attorney General, and *Paul H. Frazier*, Deputy Attorney General, for appellee.

ARTERBURN, C. J.—The appellant was charged by affidavit with the offense of uttering a false, forged and counterfeit check. Upon a plea of not guilty and a trial by jury she was found guilty and was sentenced to not less than two (2) nor more than fourteen (14) years imprisonment and a fine of $500. This is an appeal from that judgment.

The only ground relied upon for a reversal upon this appeal is the following specification in the appellant's motion for a new trial:

" 'Comes now the defendant Barbara Ann Nix, and moves the court for a new trial herein for each of the following reasons:

" '1. Misconduct of the juror, Marcus Bartley, which tended to prevent a fair and due consideration of the case, in this: When questioned by the attorney for the defendant as to his qualifications, to act as a juror, said Juror Marcus Bartley was asked: "Do you know of any reason which I might not know of which would keep you from giving the defendant a fair and impartial trial?" to which said Juror Marcus Bartley answered "No"; whereas, in truth and in fact, said Juror Marcus Bartley had notified police officers on January 24, 1959 that fraudulent check-passers were operating in Sullivan, Ind.; that either John L. Devers or Cecil I. Downey attempted to pass a "bad" check in the Kroger Store, Sullivan, Ind. where Juror Bartley was manager on said date; that said Downey and Devers were later arrested on said date at Vincennes, Ind. and this defendant, Barbara Ann Nix, was arrested with them; that all three were brought together to the Sullivan County Jail, Sullivan, Ind.; that separate charges were filed against Devers and Downey and this defendant; that on February 19, 1959 said Downey and Devers were arraigned in Sullivan Circuit Court and pleaded guilty and were

sentenced for from one to ten years for issuing fraudulent checks; that said Juror Marcus Bartley knew all these facts and because of his said knowledge, it was impossible for said juror to give said defendant, Barbara Ann Nix, a fair and impartial trial.

"'Wherefore, defendant prays that she be granted a new trial.'"

Affidavits were filed in support of the above specification and counter-affidavits by the State. The record contains the following stipulations:

"And now the State of Indiana and the defendant, by counsel, stipulate and agree that for the purpose of this appeal, the record does now show that the voir dire examination of prospective jurors in the trial of this cause, made by both the State of Indiana and the defendant, was not reported and was not transcribed.

"The parties further agree that inasmuch as the defendant's motion for new trial contained one and only one specification, namely: misconduct of a juror; that in the interest of the expense to be incurred by Sullivan County, Indiana, that it is not necessary, and no transcript of the evidence herein is to be made, or shall be made and offered as a part of the record herein."

The State contends that since the alleged misconduct of the juror occurred upon the voir dire examination, this Court on appeal, is unable to determine the alleged misconduct without all of the voir dire examination before it. A reading of the stipulations reveals that there has been no agreement or stipulation that a special bill of exceptions of the voir dire examination may be omitted. The stipulation with reference to the omission of the bill of exceptions pertains solely to the evidence taken "at the trial." The evidence taken at the trial is unnecessary for a consideration of the question here. The voir dire examination, however,

is not part of the trial. A jury trial does not begin until a jury is impaneled and the cause is submitted. Acts 1881 (Spec. Sess.), ch. 38, §371, p. 240, being §2-1901, Burns' 1946 Replacement; *Bush* v. *State* (1920), 189 Ind. 467, 128 N. E. 443; *Glenn* v. *Clore* (1873), 42 Ind. 60.

In the absence of stenographic notes of the voir dire examination the parties could have stipulated the substance of all the questions and answers of this juror taken upon the voir dire and the same could have been settled as a special bill of exceptions by agreement or by the judge. The law looks with favor upon agreed statements of fact or evidence, since such an arrangement makes for the saving of both time and expense and expedites legal proceedings. Here, however, we have no such an agreed statement of facts settled as a special bill of exceptions.

The necessity of having before us the voir dire examination in a case of this kind is emphasized by the very nature of the question and answer presented in this case. The appellant's attorney asked the juror: "Do you know of any reason *which I might not know of* which would keep you from giving the defendant a fair and impartial trial?" (Our italics.) The question is qualified by what the appellant's attorney "might not know." The voir dire examination would throw some light on what the defendant's attorney *might not know* or had been told by previous questions and answers. Did the attorney ask this juror previously whether or not he was the manager of the Kroger store at which one of the other companions of the appellant-defendant had attempted to pass a bad check? Did this attorney ask this juror whether or not he had signed an affidavit charging a companion of this defendant with the crime of attempting to pass a fraudulent check? Did this

juror deny such facts? There are many other matters which this attorney might have learned in the voir dire examination.

In this case the affidavits show the appellant's attorney also acted as attorney for one of the companions of the appellant-defendant against whom the juror had signed an affidavit and filed a charge. In his argument to the jury the appellant's attorney made the following remark directed to the juror in question: "I could have removed you from the jury but I didn't because you said you would be fair and impartial and I trusted you." When an appellant has grounds to challenge a juror and does not do so he waives the disqualification. *Sutton, et al.* v. *State* (1957), 237 Ind. 305, 145 N. E. 2d 425; *Stevens et al.* v. *Stevens et al.* (1890), 127 Ind. 560, 26 N. E. 1078; *Rock* v. *State* (1915), 185 Ind. 51, 110 N. E. 212.

The appellant has not made out a clear case of misconduct or disqualification of the juror. In such a situation this Court will not disturb the decision of the trial court. *Hinshaw* v. *State* (1897), 147 Ind. 334, 47 N. E. 157; *Jolly* v. *Turner* (1914), 181 Ind. 626, 105 N. E. 145; *Smith* v. *The State* (1895), 142 Ind. 288, 41 N. E. 595.

Under Rule 1-15 of this Court affidavits may be used to supply facts not occurring on the voir dire examination or facts which occurred outside the knowledge of the court and which normally are not included in or cannot be shown by a bill of exceptions. Such affidavits, however, do not and cannot cover the voir dire examination.

For the reasons stated the Supreme Court cannot pass upon the competency of the juror unless the entire ex-

amination of the juror on voir dire is properly before it. *Click* v. *State* (1950), 228 Ind. 644, 94 N. E. 2d 919; *Harbison* v. *Boyd* (1911), 177 Ind. 267, 96 N. E. 587; *The Indianapolis, Peru and Chicago Railway Company* v. *Pitzer* (1886), 109 Ind. 179, 6 N. E. 310.

The judgment of the trial court is affirmed.

Achor, Bobbitt and Landis, JJ., concur.

Jackson, J., dissents.

NOTE.—Reported in 166 N. E. 2d 326.