## LOBDELL ET AL. *v.* GUARANTEE AUTO STORES, INC.

[No. 368A48. Filed September 10, 1968. No Petition for Rehearing filed.]

*Goltra, Cline, King and Kershaw,* of Columbus, for appellants.

*Sharpnack, Bigley & Jurgemeyer,* of Columbus, and *Stewart, Irwin, Gilliom, Fuller & Meyer,* of Indianapolis, for appellee.

FAULCONER, J.—This appeal is before us on appellee's motion to dismiss the appeal or in the alternative to affirm the judgment of the trial court. Appellants filed their transcript and assignment of errors on April 4, 1968, and their brief on July 3, 1968. Appellee filed its motion to dismiss or affirm with brief in support thereof on July 29, 1968, to which appellants filed a brief in opposition on August 7, 1968. No further motions, petitions or briefs have been filed by either party.

The only error assigned by appellants is the overruling of their motion for new trial. The sole specification of their motion for new trial is misconduct of a juror which heard and tried the causes by which plaintiffs-appellants were prevented from having a fair trial. The alleged misconduct was that the juror gave her name as Ruby Spencer and said she was divorced when in fact she at the time was married to one Vernal Pruit.

Appellee's ground of its motion under consideration is the failure of appellant to set forth in the bill of exceptions the entire voir dire examination of the subject juror. An examination of the record discloses that the only part of this juror's examination contained therein is one question and one answer.

We agree with appellee that in order for this court to determine whether any injury was done the appellant the entire examination of the juror must be brought into the record. *Nix v. State* (1960), 240 Ind. 392, 397, 398, 166 N. E. 2d 326; *Click v. State* (1950), 228 Ind. 644, 649, 94 N. E. 2d 919; *The Indianapolis, Peru and Chicago Railway Company v. Pitzer* (1886), 109 Ind. 179, 189, 6 N. E. 310, 10 N. E. 70; 2 Wiltrout Ind. Civ. Proc., § 1338, p. 308. The reasons for this rule are well explained in the above cited decisions and need not be repeated here. We also note that appellants, in their brief, have not set forth verbatum or in material substance the affidavits they filed with their motion for new trial, the counter affidavits filed by appellee, nor appellant's reply affidavit, but merely refer this court to certain pages in the transcript.

Appellee's motion to dismiss is denied and appellee's motion to affirm the judgment is sustained.

Judgment affirmed.

Carson, C. J., Bierly, Cooper, Pfaff, Prime, Smith, J.J., concur.

Cook, P.J., not participating.

NOTE.—Reported in 239 N. E. 2d 704.