YOUNG *v.* STATE OF INDIANA.

[No. 169S13. Filed July 22, 1970.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Murray West,* Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from the judgment of the Vanderburgh Circuit Court wherein the appellant was convicted of the crime of second degree burglary.

The affidavit charging the appellant with the crime was filed on April 5, 1968, and reads in pertinent part as follows:

"HENDRICKS G. LUPTON being duly sworn upon his ·oath says that MARVIN LEON YOUNG on or about the 31st day of March A.D., 1968, at said County and State as affiant verily believes did then and there unlawfully, felon-

iously and burglariously break and enter into the building and structure owned by FIRST EVANSVILLE REALTY CORP. and occupied by CANTEEN SERVICE CO., INC., a corporation, then and there situate at 2400 First Avenue in the City of Evansville, County of Vanderburgh, State of Indiana, which said building and structure was not a place of human habitation, with the intent to commit a felony therein, to-wit: unlawfully, feloniously and knowingly obtain and exert unauthorized control over the property of CANTEEN SERVICE CO., INC., a corporation, intending to deprive said owner permanently of the use and benefit of said property.

Then and there being contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana."

On April 10, 1968, the appellant, in person and by counsel, waived arraignment, entered a plea of not guilty, and requested a trial by jury. On September 3, 1968, the appellant changed his plea to not guilty and not guilty by reason of insanity.

Trial by jury commenced on September 9, 1968, and on September 10, 1968, the jury returned a verdict finding the appellant guilty of burglary as charged in the affidavit. On September 16, 1968, the trial court sentenced the appellant to the Indiana State Prison for a term of not more than two (2) nor more than five (5) years.

The appellant filed his motion for a new trial on October 9, 1968. This motion was overruled by the trial court on October 21, 1968. On appeal the appellant's sole assignment of error is that the trial court erred in overruling the appellant's motion for a new trial.

From the evidence adduced at trial it appears that on or about March 31, 1968, police officers Charles Franklin and Jerry Welch of the Evansville Police Department received a radio dispatch notifying them that a burglar alarm sounded at Canteen Service Company, Inc., which is located on First Avenue in Evansville. Officer Franklin stated that when he arrived he heard a loud crash, observed a flashlight being

flashed beneath a door of the building, and noticed that some-one was apparently trying to pry open an overhead door. The officer testified that after the door had been pried open slightly he saw the appellant attempting to crawl out from under the door. Officer Franklin ordered the appellant to stop, and told him that he was under arrest. The appellant took a few steps, and then layed face down on the floor. Officer Franklin said that he then advised the appellant of his constitutional rights and placed him in handcuffs. While handcuffing the appellant, Franklin removed a four inch throwing knife and scabbard from the lining of the appellant's sport coat. The appellant was then placed in the patrol car, and again advised of his constitutional rights.

Hendricks Lupton, a detective with the Evansville Police Department, testified that he spoke with the appellant while the appellant was under arrest and in the patrol car. The witness stated that the appellant told him that while in the building he got some cigarette cartons to take, and tried to get out of the building when he heard the police coming. The appellant led the police to these cartons, and they were admitted into evidence as State's Exhibit No. 1.

Appellant under specification 8 of his motion for new trial alleged the court erred in refusing to give his tendered instruction No. 4. He does not discuss this assigned error or support his contention with any citations in support of his theory and therefore has waived consideration of the alleged error with respect to that numbered instruction. *Bewley* v. *State* (1966), 247 Ind. 652, 220 N. E. 2d 612; *Greenwalt* v. *State* (1965), 246 Ind. 608, 209 N. E. 2d 254.

The first argument presented to this Court by the appellant is that the trial court erred in refusing to give the appellant's tendered instruction number five (5) to the jury. Appellant's tendered instruction number five states that the offense with which the appellant is charged in the affidavit also includes the offense of third degree burglary. The tendered instruction

then includes the portion of the statute defining third degree burglary. The appellant argues that third degree burglary is a lesser and included offense in second degree burglary. He contends that it was therefore error to refuse to give tendered instruction number five (5).

The statute under which the appellant was charged is Ind. Ann. Stat. § 10-701(b) (1956 Repl.), which reads as follows:

"(b) Whoever breaks and enters into any boat, wharf-boat, or other water-craft, interurban, street-car, railroad-car, automobile, airplane, or other aircraft, or any building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon conviction shall be imprisoned not less than two [2] years nor more than five [5] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period: Provided, however, That the court shall have power to suspend prison sentence and place the defendant on probation in accordance with existing law."

The offense of third degree burglary is defined by Ind. Ann. Stat. § 10-701(c) (1956 Repl.), and reads as follows:

"Whoever enters any dwelling-house or other place of human habitation, or any boat, wharf-boat, or other water-craft, interurban-car, street-car, railroad car, automobile, airplane, or other aircraft, or any building or structure, with the intent to commit a misdemeanor therein; or whoever enters or attempts to enter any enclosed or unenclosed lot, parcel, or tract of land, with the intent to commit a felony thereon, or with intent to sever from the soil any crop or part of a crop, cultivated plant or plants, fruits, or any products growing thereon, or to sever or remove any building, gate, fence, railing, or other structure, shall be guilty of burglary in the third degree, and on conviction shall be fined in any sum not exceeding five hundred dollars [$500], and may, at the discretion of the court or jury, be imprisoned in the Indiana State Farm for any determinate period not exceeding one [1] year: Provided, That the court shall have power to suspend sentence and place the defendant on probation in accordance with existing law."

In *Watford v. State* (1957), 237 Ind. 10, 143 N. E. 2d 405, this Court held that the offense of third degree burglary is not an included offense in the offense of first degree burglary. In *Watford* this Court said: "Since under our statutes larceny cannot be a misdemeanor the charge in the affidavit herein could not include the charge of entering with intent to commit a misdemeanor. (§ 10-701 (c), *supra*)." Id. at 237 Ind. 14, 15.

In the case at bar, the affidavit charges the appellant with breaking and entering with "* * * *the intent to commit a felony therein,* to-wit: unlawfully, feloniously and knowingly obtain and exert unauthorized control over the property of Canteen Service Co., Inc., a corporation, intending to deprive said owner permanently of the use and benefit of said property." (Emphasis supplied). Thus, the felony which the affidavit in the case at bar charges that the appellant intended to commit when he broke into the building is theft, as defined by Ind. Ann. Stat. § 10-3030 (1969 Repl.).

In Indiana a "felony" is defined by statute, Ind. Ann. Stat. § 9-101 (1956 Repl.), as being any crime or public offense "* * * which *may* be punished with death or imprisonment in the state prison * * *." The penalty for theft under § 10-3030, *supra,* is prescribed in Ind. Ann. Stat. § 10-3039 (1) (1969 Supp.), which provides:

> "10-3039. Penalties. — A person convicted of theft of property not from the person and of less than one hundred dollars [$100] in value shall, except as otherwise provided in this section, be fined not more than five hundred dollars [$500] or imprisoned for not more than one [1] year, or both, or such person may be imprisoned in the state prison not less than one [1] year nor more than five [5] years, and fined in a sum not exceeding five hundred dollars [$500] and be disfranchised and rendered incapable of holding any office of profit or trust for any determinate period."

Since one convicted of theft under § 10-3030, *supra, may* be imprisoned in the state prison, the crime of theft as defined

by that statute clearly qualifies as a felony under § 10-3039, *supra*. *Heacock* v. *State* (1968), 249 Ind. 453, 233 N. E. 2d 179; *Hunter* v. *State* (1965), 246 Ind. 494, 207 N. E. 2d 207. Therefore, since theft is not a misdemeanor, the charge in the affidavit herein cannot include the offense of entering to commit a misdemeanor. As a matter of fact the affidavit in the case at bar specifically excludes third degree burglary as an included offense by charging appellant entered "with the intent to commit a felony therein." *Tait* v. *State*, (1963), 244 Ind. 35, 49, 188 N. E. 2d 537. *Watford* v. *State*, *supra*.

Inasmuch as third degree burglary, under the particular facts in the case at bar, is not an included offense in the crime of second degree burglary it was not reversible error for the trial court to refuse to give the appellant's tendered instruction number five (5). *Watford* v. *State*, *supra*.

This is not to say, however, that third degree burglary could never be an included offense in second degree burglary since it is possible that under certain circumstances a felony charge under § 10-701 (b), *supra*, could conceivably include an offense which is properly a misdemeanor. This, though, is not the situation in the case at bar.

The appellant's second contention on appeal is that he was denied a fair trial by reason of the prosecuting attorney questioning the prospective jurors on voir dire about prior crimes of the appellant. The appellant has waived this issue, however, since the record before this Court on this appeal does not include a record of the examination of the jurors on voir dire. It is therefore impossible for us to rule on alleged errors occurring during voir dire when a record of what transpired during the voir dire has not been made a part of the record on appeal by way of a special bill of exceptions. Evidence of the allegedly prejudicial questioning during voir dire was brought into the record by an affidavit of the appellant's attorney which was attached to the appellant's motion for a new trial. This Court has previously

held that facts occurring on voir dire in the presence of the trial court cannot be brought into the record for appellate review by means of an affidavit. *Nix* v. *State* (1960), 240 Ind. 392, 166 N. E. 2d 326. In *Nix* we commented that an affidavit could not cover the entire voir dire. That this is so may be seen from the affidavit in the case at bar, which merely alleges improper questioning but does not set forth the improper questions and objects, if any.

The appellant next contends that he was denied a fair trial for the reason that a witness for the State testified on direct examination that the appellant told him that he, the appellant, had also broken into another building. The appellant immediately objected and moved for a mistrial. The court overruled the motion for a mistrial, but admonished the jury to not consider the witness' testimony as to the appellant's admission of a prior offense.

In light of the court's admonishment to the jury to disregard the objectionable portion of the witness' testimony, we cannot accept the appellant's contention as set forth in specification six (6) of his motion for a new trial that the trial court overruled the appellant's objection to the testimony. Clearly, by admonishing the jury to disregard the testimony the trial court implicitly sustained the objection, even though it did not formally state that the objection was sustained. The effect of the court admonishing the jury was to sustain the objection.

The appellant argues that it was error to overrule his motion for a mistrial. Whether a motion for a mistrial will be sustained rests largely within the sound discretion of the trial court. *Duke* v. *State* (1968), 249 Ind. 466, 233 N. E. 2d 159. Here, there is nothing to indicate that the trial court abused its discretion, especially since it thoroughly admonished the jury to disregard the testimony.

Appellant was not harmed by the answer he objected to. He has overlooked the fact that he filed a plea of not guilty

and a special plea of not guilty by reason of temporary insanity. Appellant was examined by psychiatrists who testified at the trial. On a plea of not guilty by reason of insanity appellant opened the door for the admission of testimony as to his entire life, certainly any criminal record he had and any admissions he may have made relative thereto.

The appellant contends that it was error for the court to allow State's Exhibit No. 2 into evidence. State's Exhibit No. 2 is a throwing knife with a four inch blade, and accompanying scabbard. The appellant argues that the exhibit is irrelevant to the charge of second degree burglary. We do not agree with the appellant's contention.

The trial court is bound to admit any probative evidence even though its tendency to prove a fact in issue is exceedingly slight. *Smith* v. *State* (1937), 212 Ind. 605, 10 N. E. 2d 899. In the case at bar, State's Exhibit No. 2 is clearly of some probative value in that it could be considered useful as a tool for prying open objects, or cutting into boxes. It was therefore not error to admit the knife into evidence.

The appellant's final contention is that the trial court erred in denying him the right to cross-examine a State's witness. The witness was the manager of the business whose building the appellant allegedly broke into. When asked by the appellant's counsel about the profit to a distributor on a package of cigarettes sold for thirty-five cents, the witness asked permission from the court to be permitted to not answer the question. The trial court ruled that the witness did not have to answer the question. The appellant contends that this ruling denied him the right of cross-examining the witness.

We see no error in the ruling of the trial court. Although the question concerning the profit to the distributor is of dubious materiality, it appears from the record that the substance of the question had been previously answered, in an indirect manner. Earlier, on cross-examination the witness testified that thirty cartons of cigarettes

retail for approximately one-hundred five dollars ($105.00), while they cost the distributor approximately seventy-five dollars ($75.00). Thus, the appellant's question on cross-examination were answered, and contrary to his contentions he was not denied his right to cross-examination.

The judgment of the trial court is affirmed.

Hunter, C.J., and Arterburn, DeBruler and Givan, JJ., concur.

NOTE.—Reported in 260 N. E. 2d 572.