MICHAEL WALTON LAYTON *v.* STATE OF INDIANA.

[No. 173S4. Filed February 25, 1974.]

*Harriette Bailey Conn,* Public Defender, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

PRENTICE, J.—This is an appeal from the denial of relief under Post-Conviction Remedy Rule 1. It seeks to present two issues:

I. Did the defendant waive his objection to the State's interrogating the prospective jurors with reference to their beliefs concerning the death penalty, by stipulating that the examination not be reported?

II. Was the verdict of guilty in the retrial of the case invalid by reason of the State's having so interrogated the veniremen?

\* \* \*

The defendant was tried in 1961 on charges of first degree murder. He was found guilty and sentenced to life imprisonment. The judgment was reversed by this Court and a new trial ordered. *Layton* v. *State* (1966), 248 Ind. 52, 221 N. E. 2d 881. He was re-tried upon the same charge in 1967 and was again found guilty as charged and again sentenced to life imprisonment. The second conviction was also appealed to this Court but affirmed. *Layton* v. *State* (1968), 251 Ind. 205, 240 N. E. 2d 489.

At the second trial, prior to the voir dire of the veniremen, the defendant filed a motion to admonish the State against seeking the death penalty or referring to it in any way. This motion was overruled. The defendant then filed a motion to admonish the State against introducing any evidence of prior offenses of the defendant. This motion was sustained insofar as it related to evidence in chief of prior offenses not material or relevant to the issues. Thereupon, the defendant orally objected to the inclusion by the State, upon

voir dire examination, of any questions concerning the death penalty. This objection was overruled. The defendant and the State then orally stipulated that such objection should be a continuing one throughout the voir dire and that the voir dire interrogation need not be reported. Accordingly it was not reported.

ISSUE I. To support his contention that the defendant's agreement that the voir dire examination not be recorded did not waive error committed in such examination, the defendant cites us to *Nix* v. *State* (1959), 240 Ind. 392, 166 N. E. 2d 326. The error assigned in that case was misconduct of a juror in giving false answers upon her voir dire, and we held that we could not pass upon the question because the examination was not before us. We noted, however, that in the absence of stenographic notes of the voir dire examination, the parties could have stipulated the substance of the questions propounded to the juror and her answers thereto and thereby made a special bill of exceptions by agreement or by the judge.

It is upon this comment that the defendant bases his contention that we should review the question assigned. He has said with reference to *Nix, supra,* "* * * the Court said that the type of question required an examination of the entire record." and continued "However, here the type of question asked does not necessitate anything more than knowing it was asked. Therefore, the instant stipulation in present form meets the Court's requirements in Nix, * * *." The "stipulation" referred to, however, is that the voir dire examination not be reported. We find no stipulation or special bill of exceptions in the record disclosing that the State interrogated the veniremen concerning their death penalty beliefs and sentiments. What the defendant is saying is that it is not necessary for us to know the specific questions asked of the prospective jurors, since we know generally that they were related to death penalty sentiments. But we do not know that such questions were

asked, only that they were objected to and that the trial judge did not consider them to be improper. We are asked, then, to conclude that certain questions were asked from a record that merely discloses an in limine motion to preclude them and an adverse ruling upon the motion. This we cannot do.

There are two additional reasons why we cannot go to the second issue.

Firstly, our Post-Conviction Remedy Rule 1, § 1(b) provides that the remedy is not a substitute for a direct appeal. Except for the want of a bill of exceptions reflecting the voir dire examination, the matter was reviewable upon direct appeal. The alleged error was as available to the defendant then as it was when he filed his petition for post-conviction relief.

Secondly, the same issue, although differently assigned, was reviewed and determined upon the defendant's direct appeal and is therefore res judicata. At his second trial, the defendant objected to the giving of instructions that recited the criminal statutes applicable to the case and the penalties therefor, including the death penalty, if a jury saw fit to impose it. It was his contention that this constituted double jeopardy. This issue was decided against the defendant and is final, notwithstanding that *Price* v. *Georgia* (1970), 398 U.S. 323, 90 S. Ct. 1757, 26 L. Ed. 2d 300 and *Causey* v. *State* (1971), 256 Ind. 19, 266 N. E. 2d 795, cases upon which he here leans heavily for support, had not yet been decided.

Although we do not reach this issue, for the reasons aforesaid, we think it appropriate to distinguish *Price* v. *Georgia, supra* and *Causey* v. *State, supra* from the case we have decided today.

Price was charged with murder and found guilty of voluntary manslaughter. The Court of Appeals of Georgia reversed the conviction because of an erroneous jury instruction and ordered a new trial. 108 Ga. App. 581, 133

S. E. 2d 916. Upon the retrial, also for murder, the trial judge rejected a claim of double jeopardy on the murder charge, so that the jury could have rendered a verdict of guilty upon that charge. The second jury also found Price guilty of voluntary manslaughter. Against the double jeopardy argument, the Georgia Court of Appeals affirmed and the Supreme Court of that state denied certiorari. On certiorari to the Supreme Court of the United States, the conviction was reversed and the cause remanded, the Supreme Court rejecting arguments of "continuing jeopardy" and "harmless error." It held that jeopardy on the greater charge had ended when the first jury was given a full opportunity to return a verdict upon that charge but instead reached a verdict upon the lesser charge; and as to the harmless error argument, it said: "We must reject this contention. The double jeopardy clause, as we have noted, is cast in terms of the risk or hazard of trial and conviction, not of the ultimate legal consequences of the verdict."

Causey was tried on a charge of robbery by putting in fear and was found guilty of the lesser included offense of theft. The trial court granted his motion for a new trial, and he was again tried on a charge of robbery by putting in fear and again found guilty of theft. Indicating a reluctance, but nevertheless conforming to the decision in *Price* v. *Georgia, supra,* this Court held that the constitutional prohibition is against "putting" a party in jeopardy a second time.

In the case at bar, the defendant was not re-tried for a greater offense but rather was subjected to a greater penalty than that assesed in the first trial. Counsel for Defendant argues that there is no difference in reality if a defendant has suffered a conviction for a greater crime or whether he has suffered a greater sentence; the practical result in both cases being that the defendant is punished for seeking his appeal. We cannot deny that there is some logic to this point of view. However, *North Carolina* v. *Pearce* (1969), 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656, and the

very recent case of *Chaffin* v. *Stynchcombe* (1973), 412 U.S. 17, 93 S. Ct. 1977, 36 L. Ed. 2d 714 appear to offer little comfort. In *Pearce* it was held that vindictiveness, manifesting itself in the form of increased sentences upon conviction after retrial, could have no place in the resentencing process. However, it was expressly said therein "Whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear."

In *Chaffin, supra,* it was held that the imposition by a jury of a higher sentence on re-conviction did not offend the due process clause of the Fourteenth Amendment so long as the jury was not informed of a prior sentence and the second sentence was not otherwise shown to be a product of vindictiveness.

Citing Post-Conviction Remedy Rule 1, § 10, which precludes the imposition of a sentence following a successful post-conviction action and retrial greater than that initially assessed, counsel contends that it would be a denial of the equal protection of law to permit the imposition of a sentence greater than that initially set, when the retrial is the result of a direct appeal. We remind counsel that she does not here seek to attack the sentence but rather the validity of a conviction. Accepting her position arguendo, the most that it would require would be the reduction in sentence if, after a retrial following a direct appeal, the sentencing authority imposed a sentence greater than that assessed upon the first trial.

We find no reversible error, and the judgment of the trial court is affirmed.

Arterburn, C.J. and Givan and Hunter, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 307 N. E. 2d 477.