**Paul Thomas KENNEDY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 478S77.

Supreme Court of Indiana.

Aug. 16, 1979.

Rehearing Denied Sept. 26, 1979.

Harriette Bailey Conn, Public Defender, Susan K. Carpenter, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Robert J. Black, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This is an appeal from the denial of post conviction relief. Defendant (Petitioner) was charged with murder in 1961. A determination of incompetency to stand trial delayed his trial until 1969, at which time he was convicted of First Degree Murder in a trial by jury and was sentenced to death. That conviction was reversed by this Court and the cause remanded for a new trial. *Kennedy v. State*, (1972) 258 Ind. 211, 280 N.E.2d 611. He was re-tried, without a jury, found guilty of Second Degree Murder, and sentenced to life imprisonment. That conviction was affirmed. *Kennedy v. State*, (1974) 262 Ind. 295, 315 N.E.2d 350. In 1977, Defendant filed his petition for post conviction relief. He now appeals the denial of that petition and assigns the following issues for review:

(1) Whether Defendant had been adequately represented by counsel.

(2) Whether the State had sustained its burden of proving beyond a reasonable doubt, that Defendant was sane at the time he committed the offense.

(3) Whether Defendant had waived his right to trial by jury.

(4) Whether the imposition of a life sentence was constitutional.

"At the outset, we note that the petitioner in a post-conviction proceeding has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1, § 5. The judge hearing the petition weighs the evidence and the credibility of the witnesses. *Davis v.*

*State, supra* [(1975) Ind., 330 N.E.2d 738]. His determination will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court." *Carroll v. State,* (1976) 265 Ind. 423, 355 N.E.2d 408. *See also, Rector v. State,* (1979) Ind., 389 N.E.2d 279.

\* \* \* \* \* \*

## ISSUE I

■ In testifying at his post conviction hearing, the defendant detailed numerous complaints about his attorney, to-wit: that he had requested other counsel on several occasions, that his attorney had failed to file a Motion for Speedy Trial as Defendant had requested, that his attorney had failed to call Defendant's parole officer as a witness, that his attorney had never explained the difference between a trial by the court and a trial by jury, that his attorney had chosen a trial by court in a misguided attempt to avoid another death sentence (misguided, Defendant contends) because a competent trial attorney would have realized that the death penalty statute in existence in 1973 in Indiana was unlikely to withstand constitutional scrutiny in light of the United States Supreme Court's decision in *Furman v. Georgia,* (1972) 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, and that his attorney had failed to file a motion to suppress an allegedly impermissibly suggestive line-up.

In opposition, the attorney denied that petitioner had sought other counsel, had ever expressed dissatisfaction with his services, or had ever requested a speedy trial. He explained that he had not called upon the parole officer to testify because of the officer's limited contact with the defendant and because that testimony would have been merely repetitive of testimony by other defense witnesses. He further testified that, while he could not specifically recall explaining to Defendant the difference between a trial by the court and a trial by jury, he was "quite sure" that he had done so, because he makes it a practice to do so. He further testified that he chose a trial by court as a matter of strategy because he

believed that, in such a case as this, a trial judge would be better able than a jury to understand and appreciate an insanity defense—as evidenced by the jury verdict in the first trial wherein insanity had been the defense. As for the failure of the attorney to object to a suggestive line-up procedure, the State revealed that the in-court identifications had had substantial bases, independent of the line-up. The attorney also further testified that he had spent "well in excess of a hundred hours, probably closer to two hundred hours" on the first trial, and more than forty hours on the re-trial.

"Incompetency of counsel revolves around the particular facts of each case. There is a presumption that counsel has been competent. Strong and convincing evidence is required to rebut this presumption." (Citations omitted.) *Roberts v. State,* (1977) 266 Ind. 72, 80, 360 N.E.2d 825, 829.

We are here dealing with factual disputes and issues of strategy. The factual disputes were decided against the defendant by the hearing judge; and, as for the matters of trial strategy, we stated in *Blackburn v. State,* (1973) 260 Ind. 5, 22, 291 N.E.2d 686, 696, "Isolated poor strategy, bad tactics, a mistake, carelessness, or inexperience does not necessarily amount to ineffective counsel unless, taken as a whole, the trial was a mockery of justice." In the case at bar, the defendant did not meet his burden of showing that he was inadequately represented. *Cottingham v. State,* (1978) Ind., 379 N.E.2d 984.

## ISSUE II

■ This same issue was formerly presented and determined on direct appeal. See *Kennedy v. State,* (1974) 262 Ind. 295, 315 N.E.2d 350. Issues raised and determined on direct appeal are not reviewable in a subsequent post conviction proceeding. *Frasier v. State,* (1977) Ind., 366 N.E.2d 1166; *Layton v. State,* (1974) 261 Ind. 567, 307 N.E.2d 477.

## ISSUE III

Defendant asserts that the hearing court erred in holding that he had voluntarily,

knowingly, and intelligently waived his right to a trial by jury. He contends that the record is devoid of evidence that his waiver of this fundamental right was voluntary and informed, except for the following brief exchange between the defendant and the trial judge:

"THE COURT: Is that correct with you, Mr. Kennedy, you wish to waive trial by jury and have the trial just by myself, is that correct?

"THE DEFENDANT: Yes."

Defendant testified at his post conviction hearing that neither his attorney nor the trial judge explained to him the difference between a trial by the court and a trial by jury. However, his former attorney testified that he was "quite sure" that he and the defendant had discussed the difference between the two types of trials. We do not judge the credibility of the witnesses nor weigh conflicting evidence. *Rosell v. State*, (1976) 265 Ind. 173, 352 N.E.2d 750, and cases there cited.

However, the defendant argues that it must appear in the trial record itself that he voluntarily, knowingly, and intelligently waived his right, citing *Johnson v. Zerbst*, (1938) 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; *Brady v. United States*, (1970) 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; and *Brimhall v. State*, (1972) 258 Ind. 153, 279 N.E.2d 557.

Petitioner has not explained how the cases are supportive of his argument and we do not find them to be directly on point. In *Johnson v. Zerbst, supra,* the Supreme Court of the United States held that the trial judge has the duty to determine whether there is an intelligent and competent waiver of the accused's *right to counsel* and "it would be fitting and appropriate for that determination to appear upon the record." 304 U.S. at 465, 58 S.Ct. at 1023, 82 L.Ed. at 1467. In that case, Defendant was not informed of his right to counsel, or that one would be appointed for him if he could not afford one.

The issue in *Brady v. United States, supra,* and *Brimhall v. State, supra,* was whether a *guilty plea* was voluntarily,

knowingly, and intelligently entered. We unanimously held in the *Brimhall* case that the record must affirmatively demonstrate that the accused voluntarily, knowingly, and intelligently entered his guilty plea, and that the record further indicate that Defendant was informed that, by entering a plea of guilty, he was waiving many of his constitutional rights. This requirement is set out in Rule 10 of our Rules of Criminal Procedure and Ind.Code § 35–4.1–1–3, et seq. (Burns 1975).

■ There is, however, no parallel statutory or constitutional requirement that the trial judge explain to Defendant the difference between a trial by court and by jury; nor is there any requirement that the trial record demonstrate that Defendant understood the difference. *Kindle v. State,* (1974) 161 Ind.App. 14, 313 N.E.2d 721, 725–27. *See also, United States v. Scott,* 583 F.2d 362 (7th Cir. 1978) and cases there cited. In the latter case, the defendant contended that the purported waiver was invalid because the trial judge failed to interrogate the defendant on the record to ensure that the waiver was both knowing and voluntary. In a per curiam opinion, the Seventh Circuit Court of Appeals held that, while such interrogation is the preferred procedure, it is not required by the Sixth Amendment. The court further stated:

"It appears, however, that admonitions to trial judges that the better practice is to interrogate defendants on the subject of their understanding of the right to a jury trial and waiver thereof have not fully succeeded." 583 F.2d at 364.

Consequently, the Seventh Circuit adopted a rule for prospective application only, requiring federal district courts to interrogate the accused to ensure that he understands his right to a jury trial and the consequences of a waiver. Unquestionably such advisements by the trial judge are to be preferred, but we had no such rule at the time, nor do we now.

## ISSUE IV

Finally the defendant asserts that he should not have been given a life sentence for second degree murder.

He first argues that the imposition of a life sentence for second degree murder—the same penalty which could be imposed for the greater offense of first degree murder—is not proportional to the nature of the offense and is thus unconstitutional, citing *Weems v. United States*, (1910) 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793. What Defendant fails to cite are a series of cases which are directly on point and have reached the opposite conclusion, to-wit: *Wilson v. State*, (1978) Ind., 373 N.E.2d 1095; *Shackleford v. State*, (1976) 264 Ind. 698, 349 N.E.2d 150; *Brown v. State*, (1974) 261 Ind. 619, 308 N.E.2d 699. These cases examined *Weems, supra,* and held that, while a lesser included offense may not carry a greater penalty than the greater offense, it may carry the same penalty, therefore, the imposition of a life sentence for second degree murder is not unconstitutional *per se.*

Defendant argues, in the alternative, that the life sentence is unconstitutional because the choice of the greater penalty of life imprisonment, as opposed to the lesser sentence of imprisonment for fifteen to twenty-five years, is entirely discretionary and, thus, violative of the Equal Protection Clause. He has not supported this proposition with cogent argument or authority, hence we decline to treat the issue. See Rules of Appellate Procedure Rule 8.3(A)(7).

Defendant's final argument is that the sentence was not warranted by the facts of this case and thus constitutes cruel and unusual punishment. His claim that there was a lack of evidence of brutality or outrageous behavior flies in the face of the evidence that he brutally murdered an innocent stranger and a Porter County deputy sheriff.

We are not at liberty to set aside a sentence simply because, on the record, it may seem severe. *Blue v. State*, (1946) 224 Ind. 394, 67 N.E.2d 377; *Mellot v. State*, (1942) 219 Ind. 646, 40 N.E.2d 655. It is only when the sentence is grossly disproportionate or unquestionably excessive that the constitutional limitations are intended to apply. *Weems v. United States, supra; Beard v. State*, (1975) 262 Ind. 643, 323 N.E.2d 216.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER and HUNTER, JJ., concur.

PIVARNIK, J., not participating.