**James COLLINS, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–1180A328.**

Court of Appeals of Indiana,
First District.

July 7, 1981.
Rehearing Denied August 13, 1981.

Dennis R. Majewski, Terre Haute, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Presiding Judge.

Defendant-appellant James Collins (Collins) was convicted in the Vigo Circuit Court of voluntary manslaughter, a Class B felony under Ind.Code 35–42–1–3 (Supp. 1979). Thereupon, the trial court imposed the standard sentence of ten years imprisonment. Collins appeals.

We affirm.

## STATEMENT OF THE FACTS

The evidence most favorable to the verdict discloses that around midnight on October 28–29, 1979, Collins and a female companion, Diane Dowell (Dowell), entered the Purple Jester Cocktail Lounge in the Best Western Motel on South 3rd Street in Terre Haute, Indiana. Upon being refused service because last call had been given, Collins became quarrelsome and abusive toward the waitresses. His continued aggressive and belligerent demeanor led to an altercation with one Randy Underwood, in the course of which Collins fatally stabbed the unarmed Underwood with a knife.

## ISSUES

Collins presents four issues for review:

I. Did the trial court err in denying Collins' motion for a mistrial after a police officer testified that he had had prior dealings with Collins?

II. Did the trial court err in admitting State's exhibit No. 19, a knife, into evidence over the objection that a proper foundation had not been laid?

III. Did the trial court err in considering improper matters in pre-sentence investigation report?

IV. Did the trial court err in failing to consider mitigating circumstances?

## DISCUSSION AND DECISION

*Issue I. Mistrial*

Collins' argument under this issue concerns the testimony of Gary Frazier, a Terre Haute Police officer, who, while off duty, was present in the Purple Jester and witnessed the altercation. Frazier testified that he had followed the fleeing Collins outside the lounge and up 3rd Street on foot, but, other than telling Collins to stop, made no attempt to physically restrain Collins until the arrival of uniformed officers who had been summoned. Then the following colloquy occurred in the examination of the witness:

"Q. Did you feel that you would be capable of stopping him [Collins] personally without some kind of assistance?

A. Not through prior dealings, I would have felt, it would've been a, been a fight."

Collins moved for a mistrial and the court immediately, after objection and argument, strongly admonished the jury to disregard the testimony in its entirety. On appeal Collins argues that the admonition was insufficient, and the testimony implied prior criminal conduct on the part of Collins. He claims it was an evidentiary harpoon, and he is entitled to a mistrial as a matter of law. While he argues that grounds for reversal exist, he cites no authority in sup-

port of his position except a vague reference to constitutional grounds.

To constitute grounds for reversal, the alleged prosecutorial misconduct must have been so inflammatory and so prejudicial in its persuasive effect as to place the defendant in a position of grave peril. *Hackett v. State,* (1977) 266 Ind. 103, 360 N.E.2d 1000. Whether this has occurred is to be determined by the trial judge, taking into consideration all of the circumstances in conjunction with the probable persuasive effect of the misconduct on the jury's decision. *Maldonado v. State,* (1976) 265 Ind. 492, 355 N.E.2d 843. It is ordinarily assumed that the jury will obey the trial court's admonition that the objectionable testimony was improper and should be disregarded, and a prompt admonition is thus normally sufficient to protect the rights of the defendant. *Downs v. State,* (1977) 267 Ind. 342, 369 N.E.2d 1079, *cert. denied,* 439 U.S. 849, 99 S.Ct. 151, 58 L.Ed.2d 151. The matter of granting or denying a motion for mistrial is ordinarily within the sound discretion of the trial court, and absent manifest abuse of that discretion this court will not reverse the trial court's ruling. *Morris v. State,* (1980) Ind., 398 N.E.2d 1284.

Here, the innuendo of past criminal conduct in the testimony was indeed slight, and even ambiguous, in that the officer had just testified that he saw Collins kill a man with a knife. Considering the weakness and the ambiguity of the statement together with the thoroughness of the court's admonition, we hold that the trial court committed no abuse of discretion in denying Collins' motion for a mistrial.

*Issue II. Exhibit No. 19*

State's exhibit No. 19, a knife, was admitted into evidence over Collins' objection that a proper foundation had not been laid to connect the knife with the stabbing or with Collins himself. The evidence supporting a sufficient foundation was as follows: Dowell, Collins' companion, testified that during the altercation she observed what could have been a knife in Collins' hand, which object he tried to pass to her immedi-

ately at the climax of the fight and stabbing. She refused to accept it. When they got outside the lounge she saw Collins throw something away on the motel premises. The knife, exhibit No. 19, was found by officers five hours later at the site on the premises identified by Dowell. The knife was stained with human blood of recent origin compatible in type with that of the victim, and the fatal wounds were consistent with those which would have been inflicted by a comparable weapon. The knife itself was described as a buck knife with a three-inch folding blade. Dowell further testified that as she and Collins walked down 3rd Street he handed her a leather knife sheath, and at his direction she put it in her purse where it was later found by the officer. The knife sheath was for a folding buck knife. It, too, had blood on it compatible with the victim's blood and the blood on the knife.

A foundation must be laid connecting evidence to the defendant. *Bobbitt v. State,* (1977) 266 Ind. 164, 361 N.E.2d 1193. The sufficiency of the foundation is a matter addressed to the sound discretion of the trial court, and we will reverse only for an abuse of that discretion. *Spears v. Aylor,* (1974) 162 Ind.App. 340, 319 N.E.2d 639. Sufficiency of the foundation goes to the weight of the evidence and not its admissibility. *Maxwell v. State,* (1980) Ind.App., 408 N.E.2d 158; *Bullock v. State,* (1978) Ind.App., 382 N.E.2d 179. The trial court is bound to admit probative evidence even though its tendency to prove a fact in issue is exceedingly slight. *Young v. State,* (1970) 254 Ind. 379, 260 N.E.2d 572.

We are of the opinion that more than ample evidence was presented to show a logical connection between exhibit No. 19, the charged offense, and Collins. The trial court committed no error in admitting the knife into evidence.

*Issue III. Pre-sentence investigation report*

Collins asserts in this issue that the trial court erroneously considered material in the pre-sentence report consisting of Col-

lins' uncounseled misdemeanor convictions, his acquittals, charges lodged against him upon which there was no disposition, and statements by his father.

It is first noted that the penalty for a Class B felony is a fixed term of ten years, with not more than ten years added for aggravating circumstances, and not more than four years subtracted for mitigating circumstances. Ind.Code 35–50–2–5 (Supp. 1979). Collins received the standard sentence of ten years. The Supreme Court addressed the question of what may be properly considered by the trial court in determining an appropriate sentence in *Lottie v. State*, (1980) Ind., 406 N.E.2d 632, 640. There the court said:

"Finally, appellant complains that the trial judge, at the sentencing hearing, considered matters that were improper in arriving at a final sentence. He complains that the trial judge considered a juvenile record, charges which either had been dismissed or had resulted in an acquittal, improper statements and references by the probation officer in his pre-commitment report to the court, and consideration of the appellant's school life and academic achievements. We have specifically held in *Jewell v. State*, (1974) 261 Ind. 665, 309 N.E.2d 441, that the sentencing judge can consider juvenile offenses, as they are the history of a person's delinquency, and this consideration is provided for by Ind.Code § 35–50–1A–10 (Burns 1979 Repl.). We held in *Misenheimer v. State*, (1978) Ind., 374 N.E.2d 523, that charges which were dismissed or resulted in acquittals were part of the criminal history and, therefore, proper for the court to consider at sentencing. In *Halligan v. State*, (1978) Ind. App., 375 N.E.2d 1151, the Court of Appeals held that the pre-sentence investigation and report may include any matter which the probation officer deems relevant to the question of sentence. These matters obviously could be in favor of or against the defendant and are presented in the report as a finding or an opinion of the probation officer. The defendant is, of course, given the opportunity to rebut any and all of these matters. Further, it is proper for the court to consider, in sentencing, appellant's school life and academic achievements. *Hineman v. State*, (1973) 155 Ind.App. 293, 292 N.E.2d 618."

We are of the opinion that, pursuant to *Lottie, supra*, the trial court did not err in the consideration of the matters contained in the pre-sentence report.

*Issue IV. Sentence*

■ Collins finally argues here that he was entitled to a subtraction from the penalty for mitigating circumstances as a matter of law. In this regard the sentence to be imposed is a matter within the sound discretion of the trial court, and this court will not reverse its decision except for a manifest abuse of that discretion. *Evans v. State*, (1979) Ind.App., 393 N.E.2d 246. The mitigating circumstances which a court may consider are generally stated, but not exclusively, in Ind.Code 35–4.1–4–7(b) (Supp.1979). Paraphrased for brevity, they are: (1) The crime causes no harm, (2) the offense is not likely to recur, (3) the victim induced the offense, (4) substantial grounds exist to excuse or justify the crime, (5) the defendant acted under provocation, (6) the defendant has no criminal record, (7) the defendant is likely to affirmatively respond to probation, (8) the character and attitude of the defendant indicate that he is not likely to commit other crimes, and (9) that the defendant will make restitution.

The evidence in this case demonstrates that Collins, in a quarrelsome and aggressive mood, entered the Purple Jester Lounge, and upon being refused service, became abusive to the waitresses. His course of conduct culminated in the unprovoked deadly assault on the unarmed victim, Randy Underwood.

The pre-sentence investigation revealed Collins' long history of trouble with the police. In addition to numerous traffic offenses, he had convictions of malicious trespass, illegal consumption of alcoholic beverages by a minor, contributing to the delinquency of a minor, vandalism, and carrying a concealed weapon. Collins has directed us

to nothing in the record or any legal authority that entitled him to any subtraction from the sentence for mitigating circumstances. We are of the opinion that the trial court committed no error in imposing the standard penalty.

For the above reasons, this cause is affirmed.

Affirmed.

ROBERTSON and RATLIFF, JJ., concur.