Joe D. SLAUGHTER, Appellant
(Defendant Below)

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49A02–8704–CR–165.

Court of Appeals of Indiana,
Second District.

Jan. 14, 1988.

G. Max Rettig, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Joe D. Slaughter appeals his criminal conviction of operating a vehicle while intoxicated with a prior conviction for the same offense [1] and being an habitual substance offender.[2] Slaughter also appeals adverse judgments for the infractions of driving without a valid license,[3] and making unsafe lane movements.[4]

We affirm in part and reverse in part.

Charges were filed against Slaughter on August 25, 1986. On December 1, 1986, Slaughter filed a written waiver of jury trial with the court. On December 22, 1986, Slaughter filed a verified petition for removal with the United States District Court in the Southern District of Indiana. On the day of his state court trial, December 23, 1986, Slaughter filed a notice of removal with the clerk and presented the notice to the trial judge. The trial judge proceeded with the trial over defense counsel's objection. On December 23, 1986, at the conclusion of the trial, the trial court entered judgment against Slaughter on the infractions. The trial court also entered findings that Slaughter was guilty of oper-ating a vehicle while intoxicated with a prior conviction, and that he had two prior convictions involving substance abuse.[5] The trial court did not, however, enter judgment on these counts.

The federal court dismissed the removal petition and remanded the case to the trial court on January 15, 1987. On January 16, 1987, the trial court entered a judgment of conviction and sentenced Slaughter as an habitual substance offender.

The two issues Slaughter raises on appeal are:

(1) Whether the trial court had jurisdiction after it was notified of the petition for removal to federal court, and

(2) Whether the trial court erred in failing to determine Slaughter's written waiver of a jury trial was knowing, intelligent and voluntary.

Slaughter argues that once the removal petition was filed with the federal court and notice was given to the trial court, the trial court lacked jurisdiction to proceed with his trial until the cause was remanded.[6] 28 U.S.C. § 1446 (1987 Supp.) sets

---

1. IC 9–11–2–3 (Burns 1987) reads:
   "A person who violates section 1 or section 2 ... of this chapter commits a class D felony if:
   (1) He has a previous conviction of operating while intoxicated; and
   (2) The previous conviction of operating while intoxicated occurred within the occurrence of the violation of section 1 or section 2 of this chapter."

2. IC 35–50–2–10 (Burns Supp.1987) in relevant part, reads:
   "(a) as used in this section:
   ....
   'Substance offense' means a class A misdemeanor or class D felony in which the possession, use, abuse, delivery, transportation, or manufacture of alcohol or drugs is a material element of the crime.
   (b) The state may seek to have a person sentenced as an habitual substance offender for any substance offense by alleging ... that the person has accumulated two (2) prior unrelated substance offense convictions."

3. IC 9–1–4–26(a) (Burns 1987) reads:
   "No person, ... shall drive a motor vehicle upon a highway in this State unless that person has a valid ... license...."
   IC 9–1–4–53(c) (Burns 1987) reads:
   "Except as otherwise provided, a person who violates this chapter commits a class C infraction."

4. IC 8–12–3–8(b) (Burns 1973) read:
   "A vehicle shall be driven as nearly as practicable within a single lane and shall not be moved from such lane until the driver thereof has first ascertained that such movement can be made with safety, and shall have given the signal required by law." (repealed, 1980 Ind. Acts, P.L. 74, § 434.)

5. Slaughter had pled guilty on February 8, 1985, to operating a vehicle while intoxicated with a prior conviction, a class D felony. On March 27, 1980, he had pled guilty to operating a vehicle while intoxicated, a class A misdemeanor. IC 9–4–1–54(b) (West 1979) (repealed, 1983 Ind. Acts P.L. 143, § 9).

6. Slaughter argues *Fossey v. State* (1970), 254 Ind. 173, 258 N.E.2d 616, which held Indiana courts lose jurisdiction in a criminal prosecution upon service of the removal petition, controls, despite the post-*Fossey* amendment of 28 U.S.C. § 1446(c). He claims the amendment does not pre-empt *Fossey* or, alternatively, to retroactively conform state law to the amended statute would unduly prejudice him. His arguments are meritless. *Fossey* interpreted the federal statute then existing while we interpret the statute as it existed at the time of Slaughter's trial. There is no Indiana statute; hence, pre-emption is not an issue. Further, the statute

forth the procedures for removal of a cause from state to federal court:

"(a) a defendant ... desiring to remove any civil action or criminal prosecution from a state court shall file in the district court of the United States for the district and division within which such action is pending a verified petition....

(c) ...

(3) The filing of a petition for removal of a criminal prosecution shall not prevent the state court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the petition is first denied.

(e) promptly after the filing of such petition for the removal of a civil action and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of the state court, which shall effect the removal and the state court shall proceed no further unless and until the case is remanded."

■ Slaughter filed his petition for removal with the district court and then properly filed his notice of removal with the trial court before his trial commenced. Once Slaughter gave notice, the trial court's jurisdiction depended on whether the proceedings were civil or criminal. In Indiana, infractions are civil actions.[7] Thus, pursuant to 28 U.S.C. § 1446(e) the trial court erred when it proceeded with the trial and entered judgment on the infractions.[8] In addition, it erred when it proceeded on the unsafe lane movement count because the statute under which it was charged, IC 8–12–3–8(b) (Burns 1973), was repealed in 1980.

We, therefore, reverse the judgment on driving without an operator's license and remand that count to the trial court for a new trial. We reverse the judgment on making an unsafe lane movement and remand that count with instructions to dismiss it.

■ The trial court did not err when it proceeded with the trial on the felony and habitual substance offender counts. On December 23, 1986, the trial court only entered findings of guilt and status. Judgment, however, was not entered until January 16, 1987, one day after the federal court remanded the case to the trial court. This conduct fully complies with the mandate of 28 U.S.C. § 1446.

■ Slaughter also asserts that the trial court erred when it accepted his written waiver of jury trial. He argues that before accepting a waiver of jury trial, the trial court should be required to determine if the defendant is fully aware of the consequences of the waiver.

Slaughter's argument fails for two reasons. First, he fails to allege his waiver was not knowing, intelligent, or voluntary. Rather, he argues for modification of existing law to require a defendant's personal assent. Second, the law in Indiana is clear: A knowing, intelligent, and voluntary waiver of a jury trial may be effectuated in open court or by a written waiver. *Hutchins v. State* (1986), Ind., 493 N.E.2d 444. There is no statutory or constitutional requirement that the trial judge personally interrogate the defendant concerning his written waiver. *Kennedy v. State* (1979), 271 Ind. 382, 393 N.E.2d 139. Because the trial court did not err in failing to conduct an on-the-record colloquy concerning the written waiver, *Earl v. State* (1983), Ind., 450 N.E.2d 49, it did not err in proceeding with a bench trial.

The trial court had jurisdiction over the felony and habitual substance offender

---

was amended before Slaughter's charges were filed. Therefore, retroactivity is not an issue.

**7.** *Wirgau v. State* (1982), Ind.App., 443 N.E.2d 327; *See* IC 34–4–32–1 (Burns 1986).

**8.** The federal court acquired jurisdiction from the petition for removal. The bond, which 28

U.S.C. § 1446(d) states shall accompany the petition for removal of a civil action or proceeding, is procedural, not jurisdictional, and any irregularities, including its entire omission are subject to waiver. *Tucker v. Kerner* (7th Cir. 1950), 186 F.2d 79.

counts and Slaughter effectively waived his right to a jury trial. Therefore, we affirm Slaughter's conviction and enhanced sentence as a habitual substance offender.

Judgments on the infraction counts only reversed and those counts remanded for further proceedings consistent with this opinion; judgments on the felony and habitual substance offender counts affirmed.

STATON and SULLIVAN, JJ., concur.