**Donald F. SAUNDERS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 03S01–9201–CR–45.

Supreme Court of Indiana.

Jan. 22, 1992.

**1088**

Karen E. Perkins, Dalmbert, Marshall & Perkins, An Ass'n of Lawyers, Columbus, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Indianapolis, for appellee.

## PETITION TO TRANSFER

DeBRULER, Justice.

This cause comes to us on a petition to transfer from the First District Court of Appeals. Following a jury trial, appellant, Donald F. Saunders, was convicted on two counts of dealing in cocaine, I.C. 35–48–4–1, a Class A felony; dealing in a schedule I controlled substance, I.C. 35–48–4–2, a Class B felony; two counts of conspiracy to deal in cocaine, I.C. 35–41–5–2 and I.C. 35–48–4–1, a Class A felony; and conspiracy to commit dealing in a schedule I controlled substance, I.C. 35–41–5–2 and 35–48–4–2, a Class B felony. The trial court sentenced appellant to the presumptive terms of thirty years· for each of the Class A felony convictions and the presumptive ten-year term for each Class B felony conviction. The trial court then ordered that all these sentences be served consecutively resulting in a total term of imprisonment of 140 years. · The Court of Appeals affirmed appellant's convictions and sentence. *Saunders v. State* (1990), Ind.App., 562 N.E.2d 729 (Shields, J., concurring in part and dissenting in part).

Appellant now brings this petition to transfer asserting that the Court of Appeals erred when it failed to find that appellant's right to a speedy trial was infringed upon as he was not tried within seventy days after the filing of his motion for early trial. Appellant further contends that the Court of Appeals majority erred when it upheld the trial court's imposition of appellant's sentence of 140 years, a sentence appellant maintains is manifestly unreasonable. We now grant transfer and vacate that portion of the Court of Appeals opinion addressing appellant's sentence. We find that appellant's sentence of 140 years was manifestly unreasonable. Pursuant to Indiana Appellate Rule 11(B)(3), however, we summarily affirm appellant's convictions and the Court of Appeals opinion with respect to the issue of appellant's early trial motion.

Indiana Appellate Rule 17 provides that the Supreme Court will review sentences imposed upon convictions appealable to that Court. When the sentence imposed appears to be manifestly unreasonable in light of the nature of the offense and the character of the offender, this Court has the constitutional duty to revise such sentence on appeal. *Fointno v. State* (1986), Ind., 487 N.E.2d 140. A sentence is manifestly unreasonable when no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. App.R. 17. When a sentencing court exercises its discretion to enhance a presumptive sentence, order that sentences be served consecutive, or both, the record

must identify the relevant factors which underlie this decision. *Shippen v. State* (1985), Ind., 477 N.E.2d 903.

 As previously stated, appellant received a sentence totaling 70 years for his three dealing convictions and 70 years for his three conspiracy convictions. The trial court then ordered that these three dealing convictions run consecutive to the conspiracy convictions resulting in a total term of imprisonment of 140 years. As aggravating circumstances, the trial court cited to the following factors: appellant's long history of criminal activity, the fact that appellant committed these crimes while on parole, and the likelihood that appellant will commit another crime in light of his past history.

In this instance, we find that appellant's sentence of 140 years is manifestly unreasonable in light of the nature of the offense and the character of the offender. As an aggravating circumstance, the trial court cited appellant's long history of criminal activity. A review of the record reveals that appellant was convicted in 1976 of arson, and in 1984 he was convicted of fleeing a police officer. Appellant was on parole for his conviction for fleeing a police officer when he committed these offenses in 1986. We do not believe that any reasonable person could conclude that a 140-year term of imprisonment is justified by these aggravating factors.

These two prior convictions, coupled with the fact that appellant committed the instant offenses while on parole, warrant an aggravated sentence such as that reflected in the trial court's decision to order the sentences on the dealing counts to run consecutive to one another and the sentences on the conspiracy counts to run consecutive to each other. However, it is the trial court's decision to order that the dealing counts run consecutive to the closely related conspiracy counts that renders appellant's sentence manifestly unreasonable. We therefore conclude that appellant's sentence of 140 years is manifestly unreasonable. This cause is remanded to the trial court, which is instructed to modify the sentencing order to require that the three

sentences for dealing, totalling 70 years, be served concurrently with the three sentences for conspiracy, also totalling 70 years.

SHEPARD, C.J., and KRAHULIK, J., concur.

GIVAN and DICKSON, JJ., dissent.