**Janet Irene PARR, Appellant,**

v.

**Gaylord R. PARR, Appellee.**

**No. 17S05–9412–CV–1215.**

Supreme Court of Indiana.

Dec. 15, 1994.

---

Latr- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Latr- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Latrialle Wheat, Allen R. Stout, Wheat and Stout, Angola, for appellant.

Neil F. Sandler, Brian J. T'Kindt, Donald K. Broad, Beckman, Lawson, Sandler, Snyder & Federoff, Syracuse, for appellee.

## ON PETITION TO TRANSFER

GIVAN, Justice.

In an opinion reported at 635 N.E.2d 1124, the Court of Appeals reversed the trial court's finding that an antenuptial agreement entered into between the parties was valid. We grant transfer, set aside the Court of Appeals opinion, and affirm the trial court.

The facts are: The husband, Gaylord Parr, and the wife, Janet Parr, are both high school graduates who were first married in 1963. The marriage produced three children who are all emancipated. The Parrs were divorced in 1975. At the time of that dissolution, the husband estimated his net financial worth at $500,000. As a result of a property settlement agreement, wife received a cash settlement of $40,000, a new model Buick automobile, and household furniture. Husband received custody of their two sons and wife received custody of their daughter.

Although their marriage had been dissolved, the husband and wife continued to reside together much as they had when married. In 1980, however, wife moved out of the house with their daughter. She retained an attorney and filed a petition to modify the dissolution decree, requesting custody of the boys and an increase in child support. Shortly thereafter, the couple remarried but not before executing the antenuptial agreement at issue here. Immediately prior to their second marriage, the husband estimated his net financial worth as between $2,000,-000 and $3,800,000.

The antenuptial agreement at issue was signed three days before the parties flew to Las Vegas and remarried. The agreement was prepared by husband's attorney while husband and wife waited in the attorney's office. Although wife was represented by counsel at that time and her counsel had requested review of any draft from husband's counsel, the agreement was signed without wife's counsel being present. During the discussion, husband's counsel advised wife that she could speak with her attorney prior to signing the agreement and told both parties that it was an important document. Husband's counsel also told the parties they were not giving him enough time to prepare property disclosures, whereupon the parties talked about their property for three to four minutes. Wife's counsel was never given a copy of the agreement either before or after it was executed by the parties.

The agreement provided that in event of dissolution, wife's share of the marital estate would be limited to $5,000 for each year the parties were married, and in the event of

husband's death, wife would receive the statutory one-third interest in husband's estate. In May of 1991, husband and wife cross-petitioned for dissolution of their marriage. Husband thereafter sought a declaratory judgment on the validity of the antenuptial agreement. After holding hearings, the trial court entered findings and conclusions pursuant to Ind.Trial Rule 52(A), finding the antenuptial agreement valid.

 In her appeal, wife raises three issues: 1) The trial court erroneously failed to consider the ethical duty of husband's attorney in his participation in the drafting and presentation of the agreement. The Court of Appeals found that the wife did not sustain her burden of proof on this issue. We agree with the Court of Appeals in that finding. 2) Appellant claimed there should be a presumption of undue influence due to the relationship of the parties. The Court of Appeals found that the wife had failed to sustain her burden of proof on this issue. We agree with this finding of the Court of Appeals. 3) The Court of Appeals found that the trial court erred in finding that there was sufficient disclosure of assets prior to the signing of the agreement. We cannot agree with the Court of Appeals opinion in this regard.

We observe that the Court of Appeals arrives at their decision by reweighing the facts in this case in applying them to the propositions of law stated. As set out in the dissenting opinion by Judge Kirsch:

> "Husband and Wife had lived together for seventeen of the eighteen years preceding the execution of the antenuptial agreement here at issue; they had gone through a prior dissolution proceeding; Husband's business was located 100 yards from the house in which the parties resided; Wife had on occasion worked in Husband's business and had access to Husband's financial records; Wife had at least some knowledge of the nature and extent of Husband's farming operations; Wife had at least some knowledge of Husband's personal property, including vehicles, farm equipment and airplane; finally, at least some information was disclosed to Wife immediately prior to signing the agreement at issue." *Id.* at 1131.

 As stated in the majority opinion, the wife had an attorney who had asked to see the agreement before the wife signed it. However, she opted to forgo having him examine the instrument before she signed it. All of this evidence was before the trial court to be weighed and used in making its determination as to whether the antenuptial agreement was valid. In the face of conflicting evidence, it is improper for an appellate court to reweigh the evidence presented to the trial court. *See Lake Co. Council v. Arredondo* (1977), 266 Ind. 318, 363 N.E.2d 218; *Vanderburgh Bd. Comm. v. Rittenhouse* (1991), Ind.App., 575 N.E.2d 663.

That portion of the Court of Appeals opinion reversing the trial court is set aside; the trial court is affirmed in all things.

SHEPARD, C.J., and DICKSON, J., concur.

DeBRULER and SULLIVAN, JJ., dissent without separate opinion.