**Jay GREEN, Sr. and Mary Green,
Appellants (Defendants
Below),**

v.

**HENDRICKSON PUBLISHERS, INC.,
Appellee (Plaintiff Below).**

No. 79S02–0206–CV–352.

Supreme Court of Indiana.

June 27, 2002.

Thomas J. Herr, Lafayette, IN, Attorney for Appellants.

Robert B. Carpenter, Boston, MA, Karen C. Horseman, Jonathan D. Mattingly, Indianapolis, IN, Attorneys for Appellee.

**ON PETITION TO TRANSFER**

BOEHM, Justice.

We conclude that a claim of breach of a covenant not to reproduce a copyrighted writing appears to be preempted by federal copyright law. Although such a claim asserts rights under the Copyright Act, it may be asserted as a counterclaim in a state court and is not within the exclusive jurisdiction of the federal courts.

We would be happy to be corrected on the first of these points of federal law, as we can see no persuasive policy reasons

why the Greens should not be permitted to assert their contract claim under state law. As the Seventh Circuit noted in *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1454 (7th Cir.1996), contract rights exist only against the parties to the agreement, not against the world at large. The desire for nationwide uniformity in the law of copyright would not seem to be seriously disturbed by an occasional holding from a state court turning on the peculiarities of a given contract or a given state's law of contract interpretation. Nevertheless, we conclude that prevailing federal law treats such a state law claim as preempted by the Copyright Act.

As to the jurisdiction of a state court to entertain such a claim, at the time this case arrived at our Court we regarded the federal authorities cited in this opinion as requiring us to force bifurcated litigation by finding exclusive federal jurisdiction over the Greens' counterclaim. However, we think the recent decision of the Supreme Court of the United States in *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, —— U.S. ——, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002), implies that there is no exclusive federal jurisdiction over this claim. Accordingly, we reverse the trial court's grant of partial summary judgment to Hendrickson.

## Factual and Procedural Background

In 1985, Hendrickson Publishers, Inc. contracted for a ten-year term to publish and distribute books to which Mary and Jay Green claimed the copyright. These books were compilations of cross-references among works in the public domain, e.g., cross-references from Hebrew words appearing in the Bible to a Bible-study guide defining those words. As the end of the contract term approached, Hendrickson notified the Greens that the publishing agreement would not be renewed. In 1995, the parties entered a termination agreement that outlined procedures for wrapping up the parties' relationship.

In 1999, Hendrickson initiated this action in Tippecanoe Superior Court seeking monies due from the Greens for books sold on account. The Greens counterclaimed, alleging, inter alia, that Hendrickson infringed the Greens' copyrights by continuing to print and sell the Greens' books after the original agreement expired. The Greens then removed the action to federal court, based on the exclusive federal jurisdiction over copyright claims. The federal court remanded the action because a defendant's counterclaim based on federal law does not confer federal court jurisdiction. Rather, the basis for removal must appear on the face of the plaintiff's complaint.

Back in state court, the Greens amended their counterclaim, and in a single count alleged the following:

3. Hendrickson Publishers, Inc. violated the terms of the parties' agreement:

A. By failing to give notice to Green when a book was out of print.

B. By failing to timely provide updated reports on the status of books in stock.

C. By failing to timely pay royalties due pursuant to the parties' agreement. In particular, a royalty payment due November 30, 1995 was not paid until January of 1996.

D. By continuing to print additional copies of the books covered by the 1985 agreement.

Hendrickson filed a motion for partial summary judgment, asserting that paragraphs 3(C)—to the extent it concerned books published after the original agreement expired—and 3(D) were based on the federally preempted copyright claim and were now merely couched as claims for breach of contract. At a hearing on the

motion, the Greens contended that their agreement prohibited Hendrickson from publishing the compilations under its own name and required Hendrickson to pay royalties to the Greens. Therefore, the Greens argued, their claims arose under state law because they were based on the parties' agreement, independent of the Greens' rights under federal copyright law. Hendrickson countered that the books it published in alleged violation of the agreement were not the same as those produced by the Greens, an issue Hendrickson claimed could only be resolved by a federal court applying federal copyright law. The trial court agreed the claims were preempted, and entered summary judgment for Hendrickson on the offending portions of the counterclaim. The trial court then stayed the proceedings to permit the Greens to pursue an interlocutory appeal. The Court of Appeals reversed, holding that the copyright issues were merely tangential to the contract claims, and the trial court had jurisdiction over the offending portions of the counterclaim. *Green v. Hendrickson Publishers, Inc.*, 751 N.E.2d 815, 824–25 (Ind.Ct.App.2001). This Court granted transfer.

Hendrickson describes its motion to dismiss these claims as based on the contention that the Copyright Act has preempted the claims and therefore the state courts have no jurisdiction over it. We think this formulation conflates the issues of jurisdiction and preemption. Otherwise stated, one issue is whether the Greens have a valid state law claim. A second question is what court may entertain the Greens' claim. If federal law preempts the rights asserted, the Supremacy Clause prevents a state from creating such a claim, and an attempt to assert it in any court, state or federal, fails for failure to state a claim, not lack of jurisdiction. If, however, we are to treat an attempt to assert a state law claim that is preempted as presenting a federal claim, albeit a disguised one, then we are presented with the issue of the state court's jurisdiction over that federal claim.

## I. Copyright Infringement or Breach of Contract?

The first issue is whether the offending portions of the counterclaim may be heard as state law breach of contract claims as the Court of Appeals held, or if they are in fact federally preempted copyright infringement claims. Although there was for a long time a body of state copyright law, in 1976 Congress federalized the field of copyright. One aspect of that action was the provision of section 301(a) of the Copyright Act that preempted state law "legal or equitable rights" if they "are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a) (1994). There is no doubt about the desire of Congress to preempt the field as fully as possible. As the House Report put it:

> The intention of section 301 is to preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works coming within the scope of the Federal copyright law. The declaration of this principle in section 301 is intended to be stated in the clearest and most unequivocal language possible, so as to foreclose any conceivable misinterpretation of its unqualified intention that Congress shall act preemptively, and to avoid the development of any vague borderline areas between State and Federal protection.

H.R.Rep. No. 94–1476, at 130 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5746.

Federal courts track section 301 in applying a two-pronged preemption analysis. A state civil action is preempted if (1) the work at issue is within the subject

matter of copyright as defined in sections 102 and 103 of the Copyright Act, and (2) the state law created right is "equivalent" to any of the exclusive rights within the general scope of copyright as specified in section 106. *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 428 (8th Cir.1993). Here, the parties agree the first prong of the test is satisfied, but debate the "equivalency" issue.

 Whether a state right is "equivalent" to rights under federal copyright law is itself a question of federal law: it turns on the meaning of that term as used in 17 U.S.C. § 301(a). A right sought under state law is "equivalent" to the exclusive rights under copyright if the right in question is infringed by the mere act of reproduction, performance, distribution or display. *Id.* at 431 (citing 1 Nimmer on Copyright § 1.01[B][1], at 1–13). However, if an "extra element" is required by the state created right, either instead of or in addition to the acts of reproduction, performance, distribution or display, then the state right is not preempted. *Id.*

██ The Greens, relying principally on *ProCD, Inc. v. Zeidenberg,* 86 F.3d 1447 (7th Cir.1996), contend the parties' agreement provides the extra element necessary to avoid preemption of their claims, effectively converting what would be an infringement claim against a stranger to the contract into a breach of contract claim against Hendrickson in its capacity as a promisor. Prevailing federal authority is against the Greens on this point of federal law. First, although the court in *ProCD* did state that "a simple two-party contract is not 'equivalent to any of the exclusive rights within the general scope of copyright,'" the court was addressing the enforcement of shrinkwrap licenses purporting to govern the use of computer software. *Id.* at 1455. These licenses included a variety of terms beyond a simple covenant not to reproduce the work. In particular, there was no claim that the alleged infringer had purchased and "reproduced" the software without authorization. The claim was that the shrinkwrap license authorized only the noncommercial use of the "consumer" version of the program, and the user had applied it for commercial purposes. *Id.* at 1450. In *ProCD* itself, the court found it "prudent to refrain from adopting a rule that anything with the label 'contract' is necessarily outside the preemption clause: the variations and possibilities are too numerous to foresee." *Id.* at 1455. Accordingly, although this case has been taken by some to hold that any contract supplies the necessary "extra element," we agree with the courts that have rejected the view that *ProCD* stands for the universal proposition "that no breach of contract action would ever be barred by § 301 [of the Copyright Act]." *See, e.g., Ballas v. Tedesco,* 41 F.Supp.2d 531, 536–37 n. 14 (D.N.J.1999). Further, to the extent *ProCD* suggests that no state contract claim is preempted, that decision has met with harsh criticism. As one leading commentator on copyright has noted, *ProCD* relied on three other cases, each involving contract rights significantly broader than the simple promise not to reproduce.[1] Ac-

---

1. In *Nat'l Car Rental,* the court explicitly relied on the "extra element rule" to find that a contractual provision prohibiting the use of computer software to process data for third parties was qualitatively different from a contract that could be "breached 'by the mere act of reproduction, performance, distribution or display.'" 991 F.2d at 433. In *Ta-*

*quino v. Teledyne Monarch Rubber,* 893 F.2d 1488, 1501 (5th Cir.1990), the contract at issue prohibited Taquino, an independent contractor who sold and managed services for Teledyne, from representing a competing company prior to termination of his relationship with Teledyne, a restriction that again meets the "extra element rule" and clearly is

cordingly, "none supports the broad conclusion that the Seventh Circuit ascribes to them." 1 Nimmer on Copyright § 1.01[B][1][a], at 1–20. Thus, "pre-emption should continue to strike down claims that, though denominated 'contract,' nonetheless complain directly about the reproduction of expressive materials." *Id.* at 1–22.

■■■ We conclude that federal law does not regard the rights the Greens seek to vindicate under their agreement with Hendrickson as qualitatively different from their federal copyright law rights. A naked promise not to infringe a copyright does not provide the extra element necessary to avoid preemption because that promise "is so inextricably entwined with the copyright that to permit the promisee to sue upon it would undermine the preemption feature of the Copyright Act." *Selby v. New Line Cinema Corp.,* 96 F.Supp.2d 1053, 1060 (C.D.Cal.2000). In this case, the Greens allege Hendrickson violated the parties' agreement by "continuing to print additional copies of the books covered by the 1985 agreement." Thus, if any breach of contract occurred, it was accomplished by the wrongful reproduction of the works, and violated no other provision of the contract. The agreement therefore provided the Greens with no rights they did not already enjoy under copyright law, and no element other than reproduction was needed to state a claim for a violation of those rights. Accordingly, federal law appears to preempt this claim, and the only relief available to the Greens is the relief they originally sought: vindication of their rights under the Copyright Act.

## II. Does a Counterclaim Give Rise to a "Civil Action" Subject to Exclusive Federal Jurisdiction under 28 U.S.C. § 1338?

Because federal law appears to preempt the Greens' claims, taking their counterclaim at face value as grounded in state contract law, it fails to state a claim. The issue then becomes whether, if the counterclaim is to be treated as a claim under the Copyright Act, it is cognizable in a state court. If it is not, the resulting forced bifurcation of litigation was a reason the Court of Appeals noted in supporting state court jurisdiction by regarding the claim as one under state law. *Green,* 751 N.E.2d at 824.

■■■ The federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1994). This federal question jurisdiction is not exclusive, however, and state courts may entertain claims based on federal law in the absence of a provision reserving exclusive jurisdiction to the federal system. *Grubb v. Pub. Util. Comm'n,* 281 U.S. 470, 476, 50 S.Ct. 374, 74 L.Ed. 972 (1930). For purposes of removal of an action from state court to federal court, the United States Supreme Court has long held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Rivet v. Regions Bank of La. et al.,* 522 U.S. 470, 475, 118 S.Ct. 921, 139

not the equivalent of a copyright claim. Likewise, in *Acorn Structures, Inc. v. Swantz,* 846 F.2d 923, 926 (4th Cir.1988), the contract at issue contained an "implicit provision" that if a prospective homeowner used Acorn's home design plans, he was obligated either to purchase the plans from Acorn or to purchase his building materials from Acorn, a provision that "does not arise out of the subject matter of copyright and is therefore a separate and distinct cause of action."

L.Ed.2d 912 (1998); *see also Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). A defendant's defense is not part of a properly pleaded statement of the plaintiff's claim, so a case may not be removed on the basis of a federal defense. *Id.* Similarly, a defendant cannot render a case removable to federal court by pleading a counterclaim asserting a federal claim. *Takeda v. Northwestern Nat'l Life Ins. Co.,* 765 F.2d 815, 822 (9th Cir.1985). Thus, the Greens could not remove this action to federal court based upon the allegations raised in their counterclaim, and for that reason the federal district court remanded the case when removal was attempted.

■■■ Because of the "well-pleaded complaint" rule, the Greens' counterclaim did not confer federal jurisdiction over this case, and their effort to remove it to federal court failed. The Court of Appeals nevertheless correctly observed that there is no jurisdictional bar to the Greens' assertion of their federal copyright claim as a separate lawsuit in federal court under the copyright jurisdiction. *Green,* 751 N.E.2d at 824. Indeed, Hendrickson concedes this point and relies on it in urging that preclu-

sion of state court jurisdiction does not deprive the Greens of a forum altogether.[2] If Hendrickson is correct, separate lawsuits in state and federal court would be required where a defendant in a state court action seeks to assert rights under federal copyright law. This is true even if, as in this case, the copyright claim arises out of the same "transaction or occurrence" as the plaintiff's complaint and would be a compulsory counterclaim under Federal Rule of Civil Procedure 13 or its Indiana counterpart, Trial Rule 13.

■■■ Whether the Greens may assert a federal claim in state court is governed by federal law. The federal Judicial Code confers original jurisdiction on the federal district courts in "any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a) (1994). That jurisdiction is "exclusive of the courts of the states in patent, plant variety protection and copyright cases." *Id.* Thus, for the Greens' counterclaim to be cognizable by a state court, it must not be asserted in a "civil action arising under any Act of Congress relating to ... copyrights" as that phrase appears in section 1338(a).

2. Although the Court of Appeals was correct in observing that there is no jurisdictional bar to the Greens' asserting a federal copyright claim as a separate lawsuit in federal court under the copyright jurisdiction, the court expressed concern that if the Greens did so, the state and federal compulsory counterclaim rules "could act as a bar to the separate action 'if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.' " *Green,* 751 N.E.2d at 824 (quoting Fed. R.Civ.P. 13(a) & Ind. Trial Rule 13(A)). Because we find state court jurisdiction over the Greens' counterclaim to be proper for the reasons given below, we agree that claim preclusion could prevent the Greens from presenting their claim in a separate suit. We do not agree that that would be the case if the state court

had no jurisdiction over the Greens' counterclaim. Although it is true that the subject matter of the Greens' counterclaim and the as yet unfiled federal copyright claim are logically related and presumably arise out of the same "transaction or occurrence," if the state court had no jurisdiction over the subject matter of the counterclaim, it cannot be "compulsory" within the meaning of Rule 13. *See Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 382, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) ("[C]laim preclusion generally does not apply where '[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy because of the limitations on the subject matter jurisdiction of the courts.' " (quoting Restatement (Second) of Judgments § 26(1)(c) (1982))).

We are aware of no federal authority explicitly addressing whether a counterclaim in a state court gives rise to a "civil action" as that term is used in section 1338(a). The conclusion that a state counterclaim converts a lawsuit into a "civil action arising under" the Copyright Act seems highly anomalous in view of the fact that 28 U.S.C. § 1331, conferring general federal·question jurisdiction, uses the very same term "civil action arising under" other laws of the United States to include only those meeting the "well-pleaded complaint" test. Nevertheless, until very recently the logic and language of a consistent body of federal decisions appeared to preclude a state court from entertaining a counterclaim under copyright law.

The leading case on this point was *Aerojet–Gen. Corp. v. Mach. Tool Works, Oerlikon–Buehrle, Ltd.*, 895 F.2d 736 (Fed.Cir. 1990). Pursuant to 28 U.S.C. § 1295(a), the Federal Circuit has exclusive appellate jurisdiction over patent appeals from the district courts "if the jurisdiction of [the district court] was based, in whole or in part, on section 1338." In *Aerojet*, the Federal Circuit held that for purposes of determining appellate jurisdiction over patent cases, a compulsory counterclaim in a federal court should be treated as a complaint—that is, as a separate "civil action" that may be appealed only to the Federal Circuit. *Aerojet* did not directly address the status of a state court counterclaim. However, the Federal Circuit quoted *Schwarzkopf Dev. Corp. v. Ti–Coating, Inc.*, 800 F.2d 240, 244 (Fed.Cir.1986), to the effect that the patent counts of a counterclaim "could not have been filed in the state court" and "[a]djudication of a patent counterclaim is in the exclusive province of the federal courts." 895 F.2d at 740. The

court concluded that the counterclaim was "a separate, well-pleaded claim with its own jurisdictional basis" in section 1338. *Id.* at 742. Although reaffirming the "well-pleaded complaint" requirement for federal district court jurisdiction, *Aerojet* nevertheless held that the jurisdiction of the district court over the patent counterclaim was "in part" grounded on section 1338. *Id.* at 745. *Aerojet* was cited with approval by the Seventh Circuit. *U.S. Valves, Inc. ·v. Dray*, 190 F.3d 811, 813 n. 6 (7th Cir.1999). In *DSC Communications Corp. v. Pulse Communications, Inc.*, 170 F.3d 1354, 1359 (Fed.Cir.1999), the Federal Circuit extended the *Aerojet* holding to include permissive counterclaims as well. The crux of the *Aerojet* holding was that if a counterclaim has "its own jurisdictional basis" for purposes of section 1338(a), then it is also governed by the provision of section 1338(a) that confers exclusive jurisdiction on the federal courts. Accordingly, under *Aerojet* a counterclaim asserting patent rights that, if placed in a complaint, would be required to be filed in federal court, may not be entertained by a state court.

Although the statement in *Aerojet* that a patent counterclaim "could not have been filed in the state court" was dicta, it seems to reflect the common understanding of the federal courts on this point of federal law. A leading commentator took the same position. Chisum on Patents § 21.02[1][e], at 21–91 n. 129. A number of state courts have also reached the conclusion that they may not entertain a counterclaim asserting a claim that would be within section 1338 if filed as a complaint, although it is not clear whether they did so on the basis of federal law or under state doctrines.[3]

---

3. See *Pleatmaster, Inc. v. Consol. Trimming Corp.*, 156 N.Y.S.2d 662, 666 (Sup.Ct.1956) (holding counterclaim is equivalent to affir-

mative action brought by litigant and relief requested is of the same nature as judgment demanded in complaint, so state court does

All of the foregoing is, we think, trumped by the Supreme Court's ruling in *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, —— U.S. ——, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002). In *Holmes*, the Supreme Court rejected the Federal Circuit's reasoning that it would be incongruous to confer exclusive appellate jurisdiction on the Federal Circuit when a well-pleaded patent infringement claim was undertaken in a complaint but not when the identical claim was asserted in a counterclaim. *Id.* 122 S.Ct. at 1893. Rather, the Supreme Court rested on the language of section 1338 and found its use of the familiar "arising under" phrase to incorporate the "well-pleaded complaint" test that governs federal jurisdiction under section 1331. *Holmes* reaffirmed the established rule that a patent counterclaim did not confer original or removal jurisdiction on a federal district court, and squarely held that the Federal Circuit's appellate jurisdiction under section 1295(a) is congruent with the original exclusive jurisdiction of the district court under section 1338. *Holmes* seems clearly to reject the contention that "civil action arising under" has a different meaning under section 1338(a) from the "well-pleaded complaint" requirement of section 1331. The only basis for concluding that a state court may not entertain patent or copyright counterclaims is the exclusive jurisdiction conferred by section 1338 over "any civil action arising under" the patent or copyright laws. A counterclaim under those laws does not fall within that language. *Holmes* teaches that what Congress said—not what it intended—is controlling here: "Our task here is not to determine what would further Congress's goal of ensuring patent-law uniformity, but to determine what the words of the statute must fairly be understood to mean." *Id.* at 1895. Accordingly, we think *Holmes* requires us to reject the federal authorities stating or implying that a state court may not entertain a counterclaim under patent or copyright law.

■■ We think it makes no difference that *Holmes* was a patent case, not one dealing with copyright. Apparently copyright was not regarded as raising the same forum shopping issues that gave rise to the reservation of exclusive jurisdiction over patent appeals to the Federal Circuit. As a result, the appellate jurisdiction statutes are different for patent and copyright cases. *Holmes* dealt with the appellate jurisdiction of the Federal Circuit but tied that jurisdiction to the original exclusive jurisdiction of the federal district court. Copyright and patent jurisdictions are identical at the district court level. Both are set forth in the same federal statute in the same terms. Accordingly, we think *Holmes* controls this case under copyright law.

We conclude that a copyright counterclaim is not subject to the exclusive juris-

---

not have jurisdiction over counterclaim raising federally preempted patent issues); *Tewarson v. Simon*, 141 Ohio App.3d 103, 750 N.E.2d 176, 183 (2001) (holding, without discussion of nature of counterclaim, court does not have jurisdiction over counterclaim for declaratory judgment of exclusive right to publish, as counterclaim arises under Copyright Act); *Superior Clay Corp. v. Clay Sewer Pipe Ass'n*, 5 Ohio Misc. 247, 215 N.E.2d 437, 440 (Ct. Common Pleas 1963) (holding, without discussion of nature of counterclaim,

court does not have jurisdiction over counterclaim for patent infringement, because the "main issue" of the counterclaim is a matter not of state law but of federally preempted patent law). Compare *Am. Home Prods. Corp. v. Norden Labs., Inc.*, No. 11615, 1992 WL 368604, at *3, 1992 Del. Ch. LEXIS 262, at *8–10 (Del. Ch. Dec. 9, 1992), which principally relies on *Pleatmaster*, but buttresses its argument with a state law analysis of a counterclaim as an independent action.

diction provision of section 1338, and the authorities stating that such a claim "could not have been filed in the state court" are no longer prevailing federal law.

## Conclusion

The grant of partial summary judgment in favor of the plaintiffs is reversed. This case is remanded to the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.