Donald F. **SAUNDERS,** Appellant–Defendant,

v.

**STATE of Indiana,** Appellee–Plaintiff.

No. 03A04–0304–PC–196.

Court of Appeals of Indiana.

Aug. 29, 2003.

---

Jessie A. Cook, Terre Haute, IN, for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, for Appellee.

### OPINION

MATHIAS, Judge.

Donald F. Saunders ("Saunders") filed a petition for post-conviction relief in Bartholomew Superior Court. The post-conviction court denied Saunders' petition, and Saunders now appeals. The parties present the following dispositive restated

issue for review: whether Saunders' claim for post-conviction relief is barred by res judicata. Concluding that Saunders' claim is barred by res judicata, we affirm.

### Facts and Procedural History

The facts preceding Saunders' conviction, as stated in *Saunders v. State*, 562 N.E.2d 729 (Ind.Ct.App.1990), *vacated by* 584 N.E.2d 1087 (Ind.1992), are as follows:

Ronald and Theresa Gibbs allowed Saunders to live in their home until they discovered he was growing marijuana plants there. Soon after they asked him to leave, Ron found a prescription vial, which had belonged to his wife, in an alley near their home. The vial contained a residue of white powder, and Ron turned it over to the police. The label had been removed from the vial, and Theresa found it behind a dresser in the room which Saunders had occupied. Saunders was the last person seen in the alley where Ron had found the vial.

The police tested the white residue and found it to be cocaine. A white powder found on a small bowl in what had been Saunders' room was later determined to be a controlled substance. Based upon this information, Sergeant Knulf asked Ron to become a confidential informant. Ron agreed to make controlled buys from Saunders but refused to be compensated for the work.

On April 14, 1986, Ron informed Saunders he had a friend who would willingly purchase cocaine supplied by Saunders, who replied he could supply whatever amount was needed. Saunders quoted prices and amounts and even provided a handwritten schedule to Ron. The two then agreed to meet the next day.

On April 15, Ron met with Saunders and wore a body transmitter so the transaction could be recorded by the police. Saunders again provided a schedule of prices and amounts, but they exchanged no drugs or money. However, the next day, Ron gave Saunders $600.00 to purchase cocaine, which Saunders delivered to Ron later that night.

On April 24, Ron again met Saunders and gave him $50.00 to purchase a sample of LSD, which was to be delivered the next day. Saunders met with Ron the next day and produced three tablets of LSD. Ron again wore a body transmitter to permit recording of the transaction, and the police also recorded the meeting on a videotape. At that time, Ron gave Saunders $700.00 to purchase more cocaine, which was to be delivered that day. Saunders delivered the cocaine to Ron later that evening, and the police arrested him outside of Ron's home.

*Saunders,* 562 N.E.2d at 734.

Following a jury trial, Saunders was convicted of two counts of dealing in cocaine, as Class A felonies, dealing in a Schedule I controlled substance, as a Class B felony, two counts of conspiracy to deal in cocaine, as Class A felonies, and conspiracy to commit dealing in a Schedule I controlled substance, a Class B felony. The trial court sentenced Saunders to the presumptive terms of 30 years for each of his Class A felony convictions and the presumptive ten-year term for each of his Class B felony convictions. The trial court then ordered all of these sentences to be served consecutively, resulting in a total term of imprisonment of 140 years.

This court affirmed Saunders' convictions and sentence. *Saunders,* 562 N.E.2d 729 (Shields, J., concurring in part and dissenting in part). Saunders then successfully petitioned for transfer. Our supreme court upheld Saunders' convictions but determined that the trial court's decision to order Saunders' dealing counts to run consecutive to the conspiracy counts rendered Saunders' sentence manifestly

unreasonable and correspondingly reduced Saunders' sentence to 70 years. *Saunders v. State,* 584 N.E.2d 1087, 1089 (Ind.1992).

On November 27, 1996, Saunders filed a petition for post-conviction relief, once again asserting that his sentence is unreasonable. Saunders' petition was amended on August 19, 2002, and denied on November 22, 2002. Saunders now appeals.

### Discussion and Decision

■■■ A petitioner who has been denied post-conviction relief appeals from a negative judgment. *Wrinkles v. State,* 749 N.E.2d 1179, 1187 (Ind.2001). A post-conviction court's denial of relief will be affirmed unless the petitioner shows that the evidence leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Boesch v. State,* 778 N.E.2d 1276, 1281 (Ind.2002) (citing *Stevens v. State,* 770 N.E.2d 739, 745 (Ind. 2002)). Before we will reverse a decision of a post-conviction court, the petitioner must convince this court that there is no way within the law that the court below could have reached the decision it did. *Wilson v. State,* 785 N.E.2d 1152, 1153 (Ind.Ct.App.2003) (quoting *Stevens,* 770 N.E.2d at 745).

Saunders claims that, because his conviction for two counts of dealing in cocaine arose from the same ten-day, state-sponsored sting operation, which utilized the same confidential informant, it was inappropriate for the trial court to order his two dealing counts to be served consecutively. Br. of Appellant at 7–10 (citing *Beno v. State,* 581 N.E.2d 922 (Ind.1991); *Gregory v. State,* 644 N.E.2d 543 (Ind. 1994)).

While concluding that the defendant's sentence was unreasonable, *Beno* stated:

Most importantly, the crimes were committed as a result of a police sting operation. As a result of this operation, Beno was hooked once. The State then chose to let out a little more line and hook Beno for a second offense. There is nothing that would have prevented the State from conducting any number of additional buys and thereby hook Beno for additional crimes with each subsequent sale. We understand the rationale behind conducting more than one buy during a sting operation, however, we do not consider it appropriate to then impose maximum and consecutive sentences for each additional violation.

581 N.E.2d at 924.[1]

Saunders asserts that because his case was pending on transfer during his direct appeal when the Indiana Supreme Court issued *Beno* on November 25, 1991, *Beno's* holding should have been applied to his appeal. Br. of Appellant at 9–10 (citing *Robertson v. State,* 650 N.E.2d 1177, 1185 (Ind.Ct.App.1995), *overruled on other grounds by Wright v. State,* 658 N.E.2d 563, 570 (Ind.1995)).

However, because we conclude that this issue is barred by res judicata, we need not address the applicability of *Beno* to the facts before us.[2] On direct appeal Saunders not only challenged the reasonableness of his sentence but specifically challenged the reasonableness of his consecutive sentences. *See Saunders,* 584 N.E.2d at 1088–89; *Saunders* 562 N.E.2d at 739–40.

■■■ As a general rule, when an issue is decided on direct appeal, the doctrine of

---

**1.** We note that it has subsequently been determined that *Beno's* holding applies to the sale of different types of drugs. *Hendrickson v. State,* 690 N.E.2d 765, 767 (Ind.Ct.App.1998).

**2.** The State asserted the affirmative defense of res judicata in its answer to Saunders' post-conviction petition. Appellant's App. p. 31.

res judicata applies, thereby precluding the issue's review in post-conviction proceedings. *Ben–Yisrayl v. State,* 738 N.E.2d 253, 258 (Ind.2000) (citing *Lowery v. State,* 640 N.E.2d 1031, 1037 (Ind.1994)); *see also State v. Holmes,* 728 N.E.2d 164, 168 (Ind.2000) (citing *Sweeney v. State,* 704 N.E.2d 86, 94 (Ind.1998)); *Wagle v. Henry,* 679 N.E.2d 1002, 1005 (Ind.Ct.App. 1997); *Scott v. Scott,* 668 N.E.2d 691, 699 (Ind.Ct.App.1996). The doctrine of res judicata prevents the repetitious litigation of that which is essentially the same dispute. *Ben–Yisrayl,* 738 N.E.2d at 258. Res judicata mandates that when an appellate court decides a legal issue, both the trial court and the court on appeal are bound by that determination in any subsequent appeal involving the same case and relatively similar facts. *Badger v. State,* 754 N.E.2d 930, 935 (Ind.Ct.App.2001) (citing *State v. Huffman,* 643 N.E.2d 899, 901 (Ind.1994)).

■ Our supreme court has determined it to be inconsequential, for res judicata purposes, that a defendant's arguments on post-conviction appeal are new arguments about aspects of trial counsel's performance that were not considered on direct appeal ineffective assistance claims. *Moody v. State,* 749 N.E.2d 65, 68 (Ind.Ct. App.2001) (citing *Woods v. State,* 701 N.E.2d 1208, 1220 (Ind.1998)). Under such circumstances, a post-conviction court's consideration of an ineffective assistance of counsel claim would constitute review of a previously determined issue, and thus, is barred by res judicata. *Id. See also Layton v. State,* 261 Ind. 567, 570, 307 N.E.2d 477, 479 (1974) (noting "the same issue, although differently assigned, was reviewed and determined upon the defendant's direct appeal and is therefore res judicata.... This issue was decided against the defendant and is final, notwithstanding [the fact that the] cases which he relies upon for support had not yet been decided."); *Shoulders v. State,* 578 N.E.2d 693, 697 (Ind.Ct.App.1991). Similarly, the fact that Saunders now claims his sentence is inappropriate for a different reason than he argued on direct appeal does not negate the preclusive effect of the earlier adjudication for res judicata purposes.

■■ However, if a court finds that a petitioner's post-conviction claim is barred by res judicata, it may nonetheless revisit the prior decision when the initial decision was clearly erroneous and application of that decision would work a manifest injustice. *See State v. Huffman,* 643 N.E.2d 899, 901 (Ind.1994); *see also Shoulders v. State,* 578 N.E.2d at 697 n. 1 (noting that there are situations in which the goals of res judicata must give way to fundamental fairness).

We agree with Saunders' contention that, because *Beno* was handed down while his direct appeal was being decided, he had little chance to raise *Beno* in support of his manifestly unreasonable sentence argument; nonetheless, we believe it to be more than just to apply res judicata to Saunders' post-conviction petition. In Saunders' direct appeal, our supreme court determined that it was manifestly unreasonable for Saunders to serve a 140–year sentence but that a 70–year sentence would be reasonable given the circumstances of Saunders' conviction. *Saunders,* 584 N.E.2d at 1089.

> In so holding, our supreme court noted, [Saunders'] two prior convictions, coupled with the fact that [Saunders] committed the instant offenses while on parole, *warrant an aggravated sentence* such as that reflected in the trial court's decision to order the sentences on the dealing counts *to run consecutive* to one another and the sentences on the conspiracy counts *to run consecutive* to each other.

*Id.* (emphasis added). Two of the five justices dissented and would have affirmed Saunders' 140–year sentence. *Id.*

Because we believe our supreme court would not have lowered Saunders' sentence to 35 years, even if *Beno* were applicable to the case, the application of *Beno* to Saunders' second challenge to the reasonableness of his sentence would grant Saunders an undeserved windfall. In light of the fact (1) that our supreme court found the trial court's decision to run the dealing and conspiracy counts consecutively to one another was unreasonable rather than illegal, (2) that our supreme court specifically noted that the aggravating circumstances of Saunders' conviction warranted the imposition of consecutive sentences, and (3) that it was a three-to-two decision just to reduce Saunders sentence from 140 years to 70 years, we cannot conclude that our supreme court would have reduced Saunders' sentence to 35 years by ordering both of the dealing counts to run concurrently *and* the dealing and conspiracy counts to run concurrently to one another.

Thus, even if *Beno* were applicable to Saunders' direct appeal, an issue we find unnecessary to address, it is altogether likely that our supreme court would have simply determined it to be manifestly unreasonable for Saunders' two dealing counts to run consecutively and conversely upheld the trial court's decision to run the conspiracy and dealing counts consecutively to one another. Because we conclude that the alleged applicability of *Beno* to Saunders' direct appeal would have resulted in a 70–year sentence, just like the 70–year sentence that Saunders is currently serving, we believe there to be nothing "manifestly unjust" about the application

of res judicata to Saunders' second claim concerning the appropriateness of his sentence.[3]

Affirmed.

KIRSCH, J., and MAY, J., concur.

---

**3.** This absence of prejudice also renders Saunders' ineffective assistance of appellate counsel claim moot.