**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**CHAD A. JEFFRIES**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Jul 27 2012, 9:33 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHAD A. JEFFRIES, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 73A04-1110-PC-574 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable David N. Riggins, Special Judge
Cause No. 73D01-0507-FA-10

**July 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Chad Jeffries was convicted of dealing in methamphetamine, a Class A felony, and possession of a controlled substance, a Class C felony. This court affirmed his convictions on direct appeal and a post-conviction court denied his petition for post-conviction relief. He raises three issues for our review, which we restate as whether he received ineffective assistance of trial, appellate, or post-conviction counsel. Concluding Jeffries has not met his burden of establishing ineffective assistance of counsel at any stage of his prior proceedings, we affirm.

## Facts and Procedural History

Jeffries was found guilty by a jury of dealing in methamphetamine, a Class A felony, and possession of a controlled substance, a Class C felony, in 2005. He appealed to this court, and we affirmed his convictions. See Jeffries v. State, 865 N.E.2d 1082 (Ind. Ct. App. 2007) (Table). Jeffries initially filed a pro se petition for post-conviction relief, but his petition was amended by counsel. After a hearing, the post-conviction court issued an order denying Jeffries's petition for relief.

The facts of Jeffries's underlying arrest were stated in his direct appeal as follows:

> On July 14, 2005, Officer Mike Polston of the Shelbyville Police Department received an anonymous tip that Jeffries was dealing methamphetamine. Prior to that, Officer Polston had received information from two other confidential informants that Jeffries dealt in methamphetamine. The information from those two confidential informants led to the conviction of two persons, but the State neither arrested nor charged Jeffries.
> Based on the July 14 tip, Officer Polston searched for Jeffries' vehicle, which he knew to be a black Grand Marquis. Officer Polston located such a vehicle in the parking lot of an apartment complex in an area known to Officer Polston for methamphetamine dealing. After locating the vehicle, Officer Polston requested a K-9 unit to perform a "sniff search."

2

The K-9 unit gave a positive indication of the presence of narcotics within the vehicle on two separate sweeps. A tenant at the apartment complex then informed Officer Polston, Officer Charles Curry, who was in charge of the K-9 unit, and Indiana State Trooper Marcus Brown in which apartment that car's owner could be found.

The officers approached the designated apartment and knocked on the door facing the parking lot. Jennifer Rush answered the door, and the officers asked for Jeffries. Rush told the officers that Jeffries was asleep on the couch; from their vantage point the officers could see him lying on the couch. Rush went over to Jeffries and yelled loudly at him a number of times, but Jeffries did not respond. The officers then asked Rush for permission to enter her apartment to speak with Jeffries or to try to wake him, and Rush consented.

Once the officers entered Rush's apartment, Jeffries stood up and walked towards them. Jeffries appeared pale and disoriented. He was sweating profusely, and he gave the officers a blank stare with bloodshot eyes and dilated pupils. Both Officer Curry and Trooper Brown immediately suspected Jeffries to be under the influence of methamphetamine. Based on his past experiences in similar circumstances, Trooper Brown specifically associated Jeffries' stare as a methamphetamine-induced "fight or flight stare."

As Jeffries approached the officers, he placed both hands in the pockets of his pants. The officers asked Jeffries to remove his hands from his pockets several times, but Jeffries did not respond. Jeffries then tried to walk between the officers, at which time Trooper Brown and Officer Curry grabbed Jeffries' arms and pulled his hands from his pockets. Then, without first performing a pat-down of Jeffries' outer clothes, Officer Curry reached into Jeffries' pockets and removed four plastic bags containing methamphetamine and one plastic bag containing nine Xanax pills. The total weight of the methamphetamine was 24.32 grams. The officers then obtained a warrant to search the apartment and discovered paraphernalia relating to the manufacture of methamphetamine. Rush's apartment was 280 feet from Wiley Park, a city-owned park.

The State charged Jeffries with possession of methamphetamine, as a Class A felony; dealing in methamphetamine, as a Class A felony; possession of a controlled substance, as a Class C felony; and possession of paraphernalia, as a Class A misdemeanor. Jeffries filed a motion to suppress the evidence of the methamphetamine and Xanax. The trial court held a hearing on the motion and denied it, and Jeffries objected to the admission of the evidence during the trial. After a trial, the jury convicted Jeffries of the felony charges, and the trial court merged his Class A felony convictions. The court then sentenced him to a total term of forty years' imprisonment.

Id. at *1-2 (citations and footnotes omitted).

In its order denying Jeffries's petition for post-conviction relief, the post-conviction court stated the various claims Jeffries raised in his petition, followed by the post-conviction court's denial of each claim. Jeffries now appeals, pro se. Additional facts will be supplied as appropriate.

<u>Discussion and Decision</u>

I. Standard of Review

> When evaluating a claim of ineffective assistance of counsel, we apply the two-part test articulated in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed to the defendant by the Sixth and Fourteenth Amendments. Second, the defendant must show that the deficient performance resulted in prejudice. To establish prejudice, a defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

<u>Perry v. State</u>, 904 N.E.2d 302, 308 (Ind. Ct. App. 2009) (citations omitted), <u>trans. denied</u>. This standard applies when evaluating claims of ineffective assistance of trial and/or appellate counsel. <u>Stephenson v. State</u>, 864 N.E.2d 1022, 1046 (Ind. 2007), <u>cert. denied</u>, 552 U.S. 1313 (2008).

Unlike claims regarding ineffective trial and appellate counsel, however, we apply a lesser standard to claims of ineffective post-conviction counsel. The right to counsel in post-conviction proceedings is not guaranteed by the Sixth Amendment and post-conviction proceedings are not criminal proceedings. <u>Taylor v. State</u>, 882 N.E.2d 777, 783 (Ind. Ct. App. 2008) (quoting <u>Baum v. State</u>, 533 N.E.2d 1200, 1201 (Ind. 1989)).

4

Therefore, "[w]e adopt the standard that if counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court, it is not necessary to judge his performance by the rigorous standard set forth in Strickland." Id.

## II. Ineffective Assistance of Trial Counsel[1]

Jeffries argues his trial counsel's performance was deficient in two respects. First, he contends his counsel failed to challenge the credibility of the anonymous tip given to police officers which led to Jeffries's arrest. Second, he argues his counsel should have objected during the motion to suppress evidence hearing to Officer Polston's testimony that Jeffries was a known drug dealer based on Indiana Rule of Evidence 404(b). The first contention, however, has already been raised during Jeffries's direct appeal. Jeffries argued police officers needed more than an anonymous tip to have the requisite reasonable suspicion prior to investigating Jeffries. We concluded that "[t]he officers did not proceed directly from the anonymous tip to seizing and searching Jeffries. Rather, after receiving the tip, Officer Polston independently investigated Jeffries' car with a K-9 unit. . . . [T]he K-9 unit twice indicated that Jeffries' car contained illegal substances. Thus, the officers were authorized to stop and briefly detain Jeffries for investigative purposes." Jeffries, 865 N.E.2d at *3.

As the State points out, "[r]es judicata mandates that when an appellate court decides a legal issue, both the trial court and the court on appeal are bound by that determination in any subsequent appeal involving the same case and relatively similar facts." Saunders v. State, 794 N.E.2d 523, 527 (Ind. Ct. App. 2003) (citation omitted).

---

[1] Two different attorneys represented Jeffries in the trial court proceeding. Because we review their performance collectively when assessing his claim for ineffective assistance of counsel, we will likewise refer to them collectively.

Jeffries does not contend new facts have been discovered. Thus, we cannot conclude the outcome of Jeffries's trial would have been any different even if his counsel had challenged the officers' use of an anonymous tip because we have previously decided the officers' actions were proper.[2]

Jeffries next contends that his trial counsel should have objected to Officer Polston's testimony that he had previously been told Jeffries was a drug dealer based upon Indiana Rule of Evidence 404(b), which prohibits "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." However, the testimony at issue was given during Jeffries's motion to suppress evidence hearing. Rather than attempting to show action in conformity therewith, the State's questioning of Officer Polston was attempting to establish that the police officers' reason to believe Jeffries was involved in criminal activity arose from more than just the anonymous tip. The State asked, "[h]ave you heard [that Jeffries is a drug dealer] from individuals who have proven credibility?" and "the anonymous tip seemed to have been previously somewhat corroborated by the information you'd received from . . . from informants with proven credibility, is that right?" Transcript at 111-12 (ellipses in original). Thus, Jeffries's trial counsel's performance was not inadequate for failing to object based upon Rule 404(b) because such evidence is not prohibited by 404(b).

Further, even if Jeffries's trial counsel's performance was inadequate, we cannot say that but for such error the result of Jeffries's trial would have been any different. The

---

[2] Jeffries argues in his reply brief that because the State did not raise res judicata in the post-conviction court it has waived this defense. However, the claim at issue – that Jeffries's trial counsel was ineffective by not challenging the police officers' reliance on the anonymous tip – was not raised by Jeffries in the post-conviction proceeding. Therefore, the State was not required to raise res judicata to preserve it as a defense for this appeal.

testimony at issue was given during the motion to suppress evidence hearing before the trial judge. The jury was not present. Thus, if the challenged testimony could have had any improper impact, it would have been on the trial judge's decision concerning Jeffries's motion to suppress evidence, not the jury's verdict as to guilt.

In addition to the anonymous tip, which Jeffries argues is insufficient for police officers to suspect him of criminal activity, and the prior tips that Jeffries was a drug dealer, which Jeffries contends were inadmissible, Officer Polston's belief that Jeffries was involved in criminal activity was also supported by his use of a K-9 unit, which twice identified Jeffries's car as positively containing contraband. Even without evidence of prior tips given to Officer Polston, which Jeffries challenges, the evidence supports the trial court's denial of Jeffries's motion to suppress evidence.

We cannot conclude the result of Jeffries's trial would have differed had Jeffries's counsel objected to Officer Polston's testimony that he received prior tips Jeffries was a drug dealer.

### III. Ineffective Assistance of Appellate Counsel

Jeffries argues his appellate counsel's performance was deficient in three respects: 1) failing to argue the trial court erred by denying his motion to suppress evidence because the police violated Article I, section 11 of the Indiana Constitution when searching Jeffries's person; 2) failing to argue Officer Polston's testimony was barred by Indiana Rule of Evidence 404(b); and 3) failing to challenge the police officers' use of the anonymous tip. The State contends Jeffries's arguments are waived because they were not raised in his petition for post-conviction relief. In his amended petition for post-conviction relief, Jeffries argued:

7. Assistance of Appellate Counsel was ineffective because they failed to file certiorari with the Indiana Supreme Court.
8. Assistance of Appellate Counsel was ineffective because they failed to list all applicable grounds for appeal.

Appellant's Appendix at 46.

The State is correct that issues not raised in a petition for post-conviction relief cannot be raised for the first time on appeal of the post-conviction court's decision. Emerson v. State, 812 N.E.2d 1090, 1098-99 (Ind. Ct. App. 2004). Jeffries did raise the issue that his appellate counsel's performance was generally defective for failing to list all applicable grounds for appeal. However, we conclude this generic statement in his petition is not the same as raising the issues he now raises on appeal, and thus the issues now raised are waived.[3]

## IV. Post-Conviction Counsel

Jeffries also argues his post-conviction counsel performed deficiently, thereby denying him a procedurally fair post-conviction setting. Specifically, Jeffries contends his post-conviction counsel erred by failing to submit the trial court record in support of the issues he raised in his petition for post-conviction relief. In its order denying Jeffries's petition for post-conviction relief, the post-conviction court noted, "[t]he defendant never did provide the trial transcript to this court. This court has made its' [sic] ruling based upon the depositions filed, and the filings and briefs of the parties, and by listening to the record of the testimony of attorney James Lisher from the December 29, 2010 hearing[.]" Appellant's App. at 21.

---

[3] Jeffries likewise argues the State has waived its claim of waiver because the State did not assert waiver in the post-conviction proceeding. However, similar to the State's res judicata defense, the State was not required to assert waiver of these issues because they were not sufficiently raised by Jeffries in the post-conviction proceeding.

8

As stated above, however, our review of post-conviction counsel's performance includes a lower threshold than for trial or appellate counsel. As long as a petitioner's counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court, we will not reverse the post-conviction court's decision. Taylor, 882 N.E.2d at 783. Here, Jeffries's counsel did in fact appear and represent Jeffries. He filed an amended petition on Jeffries's behalf and represented him during the post-conviction court's hearing. Jeffries does not point to, nor do we find, any reason that the post-conviction setting was not procedurally fair, and his petition resulted in a judgment of the court.

Further, we point out that the trial court transcript arguably was not necessary to support Jeffries's post-conviction contentions. His claims concerning the trial court proceeding included: 1) trial counsel's assistance was ineffective because of a conflict of interest; 2) trial counsel failed to seek a continuance and Jeffries was thus tried in absentia; 3) trial counsel filed his motion to suppress evidence on the day of trial and failed to reserve a right to interlocutory appeal; 4) the trial court failed to adequately instruct the jury regarding witness testimony of prior bad acts; 5) trial counsel failed to file a motion in limine concerning evidence of prior bad acts; and 6) Jeffries's second trial counsel was appointed less than one week prior to trial and never met with Jeffries.

The first three issues did not require a review of the trial transcript for their resolution. As to the fourth, the post-conviction court concluded Jeffries waived the issue by not raising it in his direct appeal. The last two issues also do not require a review of the trial transcript. Thus, even if we were to review Jeffries's post-conviction counsel's performance using the Strickland standard that applies to trial and appellate counsel, we

9

would not find ineffective assistance of counsel because the trial transcript was not necessary to support Jeffries's petition and it cannot be said that there is a reasonable probability that the outcome of Jeffries's post-conviction proceeding would have been any different.

## Conclusion

Even if Jeffries's trial and/or appellate counsel performed deficiently as he alleges, in neither case is there a reasonable probability that the outcome of Jeffries's proceeding would have been any different if the deficient performance was cured. We therefore conclude he did not receive ineffective assistance of trial or appellate counsel. In his post-conviction proceeding, Jeffries was in fact represented by counsel in a procedurally fair setting that resulted in a judgment of the court, and we therefore affirm the post-conviction court.

Affirmed.

BAILEY, J., and MATHIAS, J., concur.